ALICE W. McCLELLAND, Respondent, v. THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant.

Life insurance — condition that policy shall not take effect unless and until first premium be paid by insured while in good health — when delivery of policy and acceptance of premium by soliciting agent constitutes a waiver of such condition by company — when failure to allege such waiver in complaint cannot be first raised upon appeal.

1. Where the course of business between a soliciting agent of a life insurance company and the company was that in all cases, where the agent had solicited insurance, he had delivered the policy and received the payment of the first premium, and the rules of the company do not disclose anything in conflict with the agent's right to do so, it is the presumption that the policy having been delivered to the agent, he was authorized to deliver the same in accordance with such custom. That, being thus clothed with apparent authority to represent the company, any information imparted to him as to the health of the insured at the time the policy was delivered may be imputed to the company.

2. The delivery of a policy and the acceptance of the first premium by the agent of the defendant with knowledge that the insured was ill at his home, and by reason thereof absent from his place of business, there being no claim of fraud or misrepresentation on the part of the insured, was a waiver of the condition "that the policy should not take effect unless and until the first premium

shall have been paid during my continuance in good health;" and the direction of a verdict for plaintiff by the trial court in such case was correct. (*Ames* v. *Manhattan Life Ins. Co.*, 40 App. Div. 465; affd. on opinion below, 167 N. Y. 584, approved and followed; *Russell* v. *Prudential Insurance Company*, 176 N. Y. 178, distinguished.)

3. The complaint did not allege a waiver by defendant of the provision of the application in question. This objection was not raised at the trial but the trial proceeded upon the theory of waiver or estoppel. No motion on the ground that waiver or estoppel had not been pleaded was made to dismiss the complaint, and the objections made to evidence were not based upon such ground. The defendant asked to go to the jury on the question, amongst others, as to whether or not the agent had power to waive the condition in the application and whether or not the agent did waive the condition. Under such circumstances, the objection cannot be raised for the first time upon appeal.

*McClelland* v. *Mutual Life Ins. Co.*, 162 App. Div. 926, affirmed.

(Argued February 3, 1916; decided February 29, 1916.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 20, 1914, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Murray Downs* and *Frederick L. Allen* for appellant. The agent who delivered the policy was a soliciting agent with limited powers and not a general agent, and had no power to waive any provision of the policy. (*Russell* v. *Prudential Ins. Co.*, 176 N. Y. 178.) McClelland, the insured, was chargeable with notice of the limitation upon the soliciting agent's (Becker) authority. (*Russell* v. *Prudential Ins. Co.*, 176 N. Y. 178; *Butler* v. *M. M. Life Ins. Co.*, 184 N. Y. 336; *Ash* v. *Fidelity M. L. Assn.*, 26 Tex. Civ. App. 501; *Gorman* v. *Met. Life Ins. Co.*, 158 App. Div. 682; *Baer* v. *Am. C. Ind. Co.*, 116 App. Div. 223; 191 N. Y. 540; *Ames* v. *M. L. Ins. Co.*, 40 App. Div. 465; 167 N. Y. 584.)

22

*A. C. Stevens* and *B. J. Shove* for respondent. Assuming that at the time of the payment of the first premium on this policy the insured was not in good health, nevertheless the defendant, through its agent, authorized to deliver the policy and collect the first premium, knew that fact as fully as the insured or the claimant, and must be held to have waived or is estopped from setting up the clause or condition in question contained in the application for this insurance. (1 Cooley on Ins. 452; *Gray* v. *G. F. Ins. Co.*, 155 N. Y. 180; *Stewart* v. *Union Mut. L. Ins. Co.*, 155 N. Y. 257; *Wood* v. *Am. F. Ins. Co.*, 149 N. Y. 385; *Draper* v. *O. C. F. R. Assn.*, 190 N. Y. 12; *Skinner* v. *Norman*, 165 N. Y. 565; *Hastings* v. *Brooklyn L. Ins. Co.*, 138 N. Y. 475; *Forward* v. *Cont. Ins. Co.*, 142 N. Y. 382; *McNally* v. *Phœnix Ins. Co.*, 137 N. Y. 389; *Van Schoick* v. *Niagara Falls Ins. Co.*, 68 N. Y. 434; *Walsh* v. *Metropolitan Life Ins. Co.*, 105 App. Div. 186; *Quinn* v. *Metropolitan Life Ins. Co.*, 10 App. Div. 483.) The agent (Becker) was clearly acting within the scope of his authority in delivering this policy and in collecting the first premium, and for the performance of those duties had the same powers as a general agent. (*Ames* v. *Manhattan L. Ins. Co.*, 40 App. Div. 468; *Peck* v. *Washington Life Ins. Co.*, 91 App. Div. 597; *Genung* v. *Metropolitan Life Ins. Co.*, 60 App. Div. 424; *Ætna Life Ins. Co.* v. *Moore; Prudential Ins. Co.* v. *Moore*, 231 U. S. 543; *Butler* v. *Michigan Mut. Life Ins. Co.*, 184 N. Y. 336; *Ash* v. *Fidelity Mut. Life Assn.*, 26 Tex. Civ. App. 501; *Gorman* v. *Metropolitan Life Ins. Co.*, 158 App. Div. 682; *Baer* v. *American Credit Indemnity Co.*, 116 App. Div. 233; 191 N. Y. 540.)

Hogan, J.   January 12th, 1910, Eugene F. McClelland, at the solicitation of one Becker, an agent of the defendant, signed an application for a policy of life insurance in the sum of one thousand dollars.   On the same day the

applicant was examined by the medical examiner of the defendant, who recommended him for insurance. The printed application signed by Mr. McClelland contained a clause so far as material to be considered that the policy "shall not take effect unless and until the first premium shall have been paid during my continuance in good health; except in case a binding receipt shall have been issued as hereinafter provided  *  *  *  I have paid —— dollars in cash to the subscribing soliciting agent, who has furnished me with a binding receipt therefor, signed by the secretary of the company making the insurance in force from this date provided this application shall be approved and the policy duly issued.  Dated at Syracuse, New York, January 12th, 1910."  Then follows the signature of the applicant, and underneath: "I have known the above-named applicant for some time and saw him sign the application.  I have issued binding receipt Number ——.  Charles L. Becker, Soliciting Agent."

The same day the application was signed and the medical examination completed Mr. McClelland left Syracuse for New York.  He returned to Syracuse the evening of January 14th, suffering from a cold and grippe; on the way to his home from the train he called upon his physician and complained to the latter of the condition of his stomach and of having some bowel trouble. Upon an examination his temperature was found to be 98½, pulse 90, respiration normal.  The physician concluded that Mr. McClelland was suffering from a hard attack of grippe.  Mr. McClelland went to his home and to his bed.  For a few days thereafter he occasionally sat up.  Later on he was kept in bed, but as he seemed to improve at times was permitted to sit up.  Early in February pneumonia developed; inflammation or degeneration of the muscular tissues of the heart followed and was the immediate cause of his death, which occurred February 17th, 1910.  The presence of pneumonia had not been discovered by the attending physician on January

18th, but his testimony upon the trial based upon the subsequent history of the case was that on that day Mr. McClelland was suffering from atypical pneumonia.

The following facts are practically uncontradicted: Saturday morning, January 15th, Mr. Becker, the agent of defendant who had procured the application for insurance, called at the office of Mr. McClelland. He had with him the policy of insurance dated January 12th, which he had received from the home office. Mr. McClelland was then at his home. Mr. Becker told a clerk in the office he had the policy and asked for a check for the same. The clerk told Mr. Becker that Mr. McClelland had returned from New York the evening before and she did not believe that he would be down that day as Mrs. McClelland had telephoned that Mr. McClelland was sick; had come home the night before from New York, and she thought he had the grippe. Becker thereupon left the office, retaining the policy. On Monday morning, January 17th, Becker again called at the office and again brought the policy with him; on that occasion the clerk told Becker that Mrs. McClelland had called her up that morning and told her she didn't think Mr. McClelland would be down that day. Becker again asked for a check for the premium and was told by the clerk that she would not bother Mr. McClelland that day, that he would probably come down the next day and she would give him the check the next day. Becker thereupon delivered the policy to the clerk and the latter placed the same in Mr. McClelland's safe where it thereafter remained. On Tuesday, the 18th, Becker again called at the office, inquired how Mr. McClelland was, and the clerk replied she had not heard from him that morning; that she would send the check up by another clerk for Mr. McClelland's signature after her return from luncheon, and if he, Becker, called again that afternoon she would have the check. Becker did call again that afternoon and the clerk delivered to him the check signed by Mr. McClel-

land for the premium.  At the time of the delivery of
the check the clerk told Becker McClelland was still at
home sick; that they thought he would be around again
in a few days.  The check in question was for the amount
of the first premium.  Upon the trial of the action defend-
ant's counsel disclaimed any fraud or misrepresentation
on the part of Mr. McClelland in the transaction.

The trial justice directed a verdict for the plaintiff.
The effect of such direction was a determination that the
delivery of the policy and acceptance of the first premium
by the agent of the defendant with knowledge that Mr.
McClelland was ill at his home, and by reason thereof
absent from his place of business, was a waiver of the
provision of the policy " that the policy should not take
effect unless and until the first premium shall have been
paid during my continuance in good health."

The policy was dated January 12th, 1910, acknowl-
edged the receipt of the first payment and provided that
future payments of premiums should fall due on January
12th of each year thereafter, and also provided " agents
are not authorized to modify this policy or extend the
time for paying premium," also " this policy and the
application therefor, copy of which is indorsed herein or
attached thereto, constitute the entire contract between
the parties hereto."   The book of rules in the possession of
Becker, the agent of defendant, provided: " No  *  *  *
agent or agency employee has power on behalf of the
company to alter the contract of insurance,  *  *  *  or
to bind the company by making any permits or accepting
any representation or information not contained in the
application.   Such powers are vested solely in the execu-
tive officers of the company  *  *  *.   The contract
between the company and the policy holder is embodied
in the policy and application, and no agent is authorized
to modify or *alter* this contract in any manner or to
promise to have it modified or altered."

Becker, who was called as a witness in behalf of the

defendant, testified he had been employed by the defendant company for one and one-half years, during which time he had written other insurance; that in all cases where he had solicited insurance he had delivered the policy and received the payment of the first premium.

The facts in this case are practically identical with those in *Ames* v. *Manhattan Life Insurance Co.* (40 App. Div. 465; affd. on opinion below, 167 N. Y. 584). That action was upon a policy of insurance issued by the insurance company upon the life of one Ostermoor, dated December 4th, 1895. One Zimmerman was the agent for the company, and secured the application for insurance. The application signed by Ostermoor, which was a part of the policy contract, provided: "And it is agreed that there shall be no contract of insurance until the policy shall have been issued by the company and accepted subject to the conditions and stipulations therein contained during the good health of the person to be insured, and the first premium paid thereon." Zimmerman, the agent of the company, called at Ostermoor's place of business, inquired for him, and was told by Mr. Ames that Ostermoor was sick at home. Zimmerman inquired what was the matter with him, to which Ames replied he did not know. Zimmerman thereupon delivered the policy to Ames and accepted the premium upon the same. The evidence of Ames was controverted by Zimmerman, but the question of fact was submitted to the jury and that body found for plaintiff. The trial justice in his charge recalled the evidence as to the transactions between Zimmerman and Ames, the delivery of the policy and the conversation, and Ames' testimony in relation to the same and said: " Now, gentlemen, I charge you that if you believe that (the evidence of Ames) you may find the condition that Ostermoor should be in good health at the time of the delivery of the policy, or else that it should have no inception, was waived. If you believe that with knowledge of the fact that Ostermoor

was at home ill Zimmerman neglected to go into particulars to ascertain what was the matter with Ostermoor, that was a matter with which the plaintiff has nothing to do unless you find that he fraudulently concealed the information from Zimmerman. If Zimmerman hearing this delivered the policy, then I charge you in obedience to what I believe to have been the decision of the Appellate Division of this court that that was a waiver and that the plaintiff is not prevented from recovering on that ground."

As already stated, the defendant here disclaimed any attempt at fraud on the part of the assured. The Appellate Division in the opinion which was approved by this court referred to the defense based upon the provision of the policy above referred to, and the contention of the defendant that Ostermoor was ill at the time the policy was actually delivered, and that it was not issued and accepted during the good health of Ostermoor, and, consequently, the contract had no legal inception, and Judge Barrett, writing, said (p. 467): "There was evidence, however, that Zimmerman, the company's agent in the transaction, was informed of Ostermoor's illness, and yet delivered the policy and accepted the first premium. This was denied by Zimmerman, but the evidence pro and con was fairly submitted to the jury, and the question of waiver decided against the defendant. The case on this head is thus brought within the principle stated in *Wood* v. *American Fire Ins. Co.* (149 N. Y. 382, 385) * * *. To the same effect are *Walsh* v. *Hartford Fire Ins. Co.* (73 N. Y. 5, 11); *Forward* v. *Continental Ins. Co.* (142 id. 382), and *Gray* v. *Germania Fire Ins. Co.* (155 id. 180)."

In *Wood* v. *American Fire Ins. Co.* (*supra*) this court said: "That general agents of an insurance company may waive stipulations and provisions contained in the policy with respect to the conditions upon which it shall have inception and go into operation as a contract between the parties, by delivering it with knowledge of

all the facts and receiving the premium, has long been settled. It is so obviously just that a party to a written contract should be precluded from defeating it by asserting conditions and stipulations contained in it which would prevent its inception and which he knew at the time he delivered it and accepted the benefits were contravened by the actual facts, that any statement of the reasons upon which the rule rests is no longer necessary. The principle is not a new one and it has not been shaken by any decisions of this court made since the adoption of the standard policy. (*McNally* v. *P. Ins. Co.*, 137 N. Y. 389; *Forward* v. *Cont. Ins. Co.*, 142 N. Y. 382)."

Counsel for appellant argues that the rule of law laid down by the several cases referred to has been overruled by the decision of this court in *Russell* v. *Prudential Insurance Company* (176 N. Y. 178). I do not concur in the suggestion made. When the *Ames* case was before this court we must assume that careful consideration was given to the opinion of the Appellate Division before its adoption by this court. In the *Russell* case Judge Edward T. Bartlett wrote the opinion of this court, and but a short time previously he voted as a member of the court for the adoption of the opinion in the *Ames* case. It also appears that when the *Ames* case was decided by this court the then chief judge was the sole dissenting member. Judge Werner, who sat in that case, did not participate in the decision of the *Russell* case. In the *Russell* case three judges who participated in the *Ames* case voted for affirmance in the latter case; Judge Haight who voted for affirmance in the *Ames* case dissented in the *Russell* case. Judge Vann who was with the majority in the *Ames* case did not vote in the *Russell* case, and the chief judge who dissented in the *Ames* case voted for affirmance in the *Russell* case. It is quite evident from the reports of the cases that the questions in the two several cases were considered with unusual care and that it was not the pol-

icy of the court to in anywise interfere with or overrule
the decision of the *Ames* case.    Had it been the intention
of the court to modify the decision of the *Ames* case it
wôuld have been so stated in the opinion in the *Russell*
case.

·  In the *Russell* case the policy of insurance contained a
provision that "no agent has power    *    *    *    to extend
time for paying the premium, to waive any forfeiture or
to bind the company," etc.    The question of the health
of the assured was not involved in that case.    There the
agent called upon the assured to deliver the policy and
collect the premium; the applicant informed the agent he
was unable to pay the premium at that time.    The policy
was delivered by the agent to the applicant, who was
informed that he could pay the premium within thirty
days.    Within a few days thereafter and before the pay-
ment of the premium the applicant was killed.    In the
opinion of Judge EDWARD T. BARTLETT he distinguished
from prior decisions of the court dealing with waivers of
various kinds in insurance cases, and especially cases where
waivers had been predicated upon knowledge of the agent
before issuing the policy that property was subject to
mortgage or other lien, or that the title was in a third
person, or that there was other undisclosed insurance or
various conditions which would render the policy void by
its terms if the company was not chargeable by reason
of knowledge of the agent derived from information
imparted to him by the assured in the preliminary
negotiations.

The case of *Northern Assurance Co.* v. *Grand View
Building Association* (183 U. S. 308) was not referred to in
the opinion in the *Russell* case, although the Supreme Court
of the United States in the *Northern Assurance ·Company*
case reviewed *in extenso* the power of agents of an insur-
ance company to waive conditions in policies, particularly
conditions which prevent the inception of insurance poli-
cies, and criticized the rule prevailing in the *Ames* and other

New York cases. Nevertheless in *Benjamin* v. *Palatine Insurance Co., Ltd.* (80 App. Div. 260) the present chief judge, then writing for the Appellate Division, referred to the decision of the United States Supreme Court and held that the conclusion reached by that court was not binding upon this court, and reaffirmed the doctrine laid down in the case of *Wood* v. *American Fire Insurance Company* and other cases, and that decision was affirmed subsequent to the decision of the *Russell* case (*Benjamin* v. *Palatine Ins. Co., Ltd.*, 177 N. Y. 588), and the case of *Wood* v. *American Fire Ins. Co.* and others upon which the *Ames* case was based has since the decision in the *Russell* case been in substance sustained by this court. (*Draper* v. *Oswego County Fire Relief Association*, 190 N. Y. 12.) Numerous other authorities are referred to on the brief for the respondent which I do not deem it necessary to consider here.

It is insisted by counsel for the appellant that the *Ames* case had reference to the powers of a general agent, while the case at bar does not disclose the nature of the agency of Becker. An examination of the record in the *Ames* case fails to disclose that Zimmerman was a general agent. On the contrary, the nature of his agency was identical with the agency of Becker in this case. In both cases the insurance was solicited, the application signed, the policy delivered and premium received by the respective agents. In the *Russell* case Judge Edward T. Bartlett said: "In the case at bar there is no evidence of a course of business between the company and the insured, nor was it shown that the general agent had power to waive payment of the first premium. On the contrary, the plaintiff put in evidence the contract between the company and its general agent, which showed, affirmatively, that he possessed no such power." (p. 188.) In the case at bar, as before stated, the course of business between Becker and the defendant was that Becker had at all times when he secured applications for

insurance delivered the policy and received the premum, and the rules which were referred to do not disclose anything in conflict with the right of Becker to deliver the policy. The defendant sent the policy in question to Syracuse; Becker testified that it was given to him at the Syracuse office and he took the same to deliver to Mr. McClelland. The policy in possession of Becker affords a presumption that he was authorized to deliver the same in accordance with the custom that had prevailed in all cases where he had secured the application. He was thus clothed with apparent authority to represent the defendant, and information imparted to him may be imputed to the defendant represented by him. Presumably Becker was aware of the provisions in the application; he was advised of what was believed to be the temporary indisposition of the assured, and that information he possessed for a period of four days before accepting the check for the premium. The rule is laid down in Story on Agency (Section 140): " Notice of facts to an agent is constructive notice thereof to the principal himself, where it arises from, or is at the time connected with, the subject-matter of his agency; for, upon general principles of public policy, it is presumed that the agent has communicated such facts to the principal; and if he has not, still the principal, having intrusted the agent with the particular business, the other party has a right to deem his acts and knowledge obligatory upon the prinpal." In other words, the defendant company here was charged with all the knowledge that its agent, Becker, had in the transaction of the business with which he was intrusted and which had been the course of business existing between him and the defendant during the entire term of his agency. Neither does the fact that Becker secured the policy at the Syracuse office change the rule. (*Lewis* v. *Guardian F. & L. Assurance Co.*, 181 N. Y. 392, 396.)

Counsel for defendant submits that Becker was merely

a messenger. He does not undertake to state for whom Becker was acting in that capacity. It cannot be presumed that he was acting as messenger for the assured. He, Becker, had secured the application from the defendant or its agent in Syracuse; he was intrusted with the policy for delivery and the collection of premium as was the usual course of business between him and the defendant; in addition he had the power upon receiving an application to issue a binding slip, which would keep the insurance in force until the policy was issued, provided that the application were accepted, and this fact, although the binding slip was not issued in this case, is some evidence of the nature of his agency, and the information imparted to him may be imputed to the general agent of the company in Syracuse under the last case above referred to. In my opinion the decision in the *Ames* case is still the law of this state, and that decision was not in anywise modified by the decision in the *Russell* case.

The question was raised upon the argument that the complaint did not allege a waiver. The objection was not raised at the trial but the trial proceeded upon the theory of waiver or estoppel. No motion on the ground that waiver or estoppel had not been pleaded was made to dismiss the complaint, and the objections made to evidence were not based upon such ground. The defendant asked to go to the jury on the question amongst others as to whether or not the agent had power to waive the condition in the application and whether or not the agent did waive the condition. Under such circumstances the objection cannot be raised for the first time upon appeal.

The judgment herein should be affirmed, with costs to respondent.

Willard Bartlett, Ch. J., Chase, Collin, Cardozo and Seabury, JJ., concur; Hiscock, J., not voting.

Judgment affirmed.