MAY FORTUNATO, as Administratrix, etc., of BERNEY FORTUNATO, Deceased, Plaintiff, v. METROPOLITAN LIFE INSURANCE COMPANY, Defendant.*

Supreme Court, Special Term, Erie County, December 26, 1935.

*Dominic Floriano*, for the plaintiff.

*Dudley, Stowe & Sawyer* [*Mason O. Damon* of counsel], for the defendant.

HINKLEY, J. The evidence establishes that in the absence of a waiver and estoppel upon the part of the company it had the right to declare the policy void under the usual sound health clause, the deceased not being in good health upon the date of the policy, to wit, October 15, 1934.

The application, the declaration of the assured and the report of the medical examiner were not attached to the policy. The plaintiff contends that the defendant's agent had acquired knowledge of the

*Affd., 248 App. Div. 680.

assured's ill health and that under the decision of *Bible* v. *John Hancock Mut. Life Ins. Co.* (256 N. Y. 458) the company waived the right of forfeiture and is estopped to make that claim. There is ample evidence to support the finding of the lower court that the agent of the defendant was put upon notice that the assured was not in good health by conversations with the wife of the assured. If that were all there were to the case, then this action would fall squarely within the authority of the *Bible* case, above cited, and the judgment of the lower court would not be disturbed.

There is, however, in this case an element entirely lacking in the quoted case. After knowledge had come to the agent from the lips of the wife of the assured that the assured was not well, the company's physicians made physical examinations of the assured. One of such physicians obtained from assured a written statement and propounded to assured certain questions and obtained answers thereto. Such answers were relied upon by the physician and being false prevented the physician from discovering the fatal disease with which the assured was at that time suffering. The falsity of the statements to the company's physician did not invalidate the policy. Yet they have an important bearing upon the question of waiver and estoppel. The statements of the wife of the assured, while imparting to the agent a knowledge of her claim that the assured was seriously ill, were entirely refuted by the contrary statements of the assured. While knowledge to the agent was knowledge to the company, it cannot be claimed that knowledge to the agent was knowledge to the physician. It cannot be said that the statements of the wife of the assured to the agent survived the positive contrary statements of the assured to the physician. When the wife of the assured imparted knowledge of the illness of the assured to the agent, the defendant company did not sit idly by and issue the policy and collect the premiums. On the contrary, the company in this instance made an independent investigation and determined from an oral and physical examination of the assured that the policy should issue. Had the assured disclosed the actual facts of his former hospitalization and medical treatment it is fair to assume that the company would have rejected the application. Surely the company is not estopped from declaring a forfeiture under the circumstances of this case.

Judgment of the lower court reversed and complaint dismissed, with costs.