VINCENT WARSZAWSKI, Respondent, v. IRVING E. JETTER, Doing Business under the Firm Name and Style of NATIONAL OUTDOOR ADVERTISING COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment awards damages for personal injuries in an automobile negligence action. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Edgcomb, Crosby, Cunningham and Taylor, JJ.

ROSE LAMPKE, as Administratrix, etc., of VERONICA SCHUMACHER, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Judgment and order affirmed, with costs. Memorandum: The question of knowledge of the company of the ill-health, previous disease and treatment by a physician on which to base waiver or estoppel was one of fact depending on statements of the insured to defendant's soliciting agent and to defendant's examining physician. (*Bible* v. *John Hancock Mutual Life Ins. Co.*, 256 N. Y. 458; *Salamida* v. *John Hancock Mutual Life Ins. Co.*, 148 Misc. 702; affd., 241 App. Div. 636.) As the credibility of defendant's examining physician was for the jury, the jury could have found that there was no concealment of insured's condition from the examining physician. This distinguishes the case of *Fortunato* v. *Metropolitan Life Ins. Co.* (160 Misc. 918; affd., 248 App. Div. 680) for there a written statement of the insured was produced showing a concealment of the applicant's condition of health from the examining physician of the defendant. All concur. (The judgment is for plaintiff in an action under two life insurance policies. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Edgcomb, Crosby, Cunningham and Taylor, JJ.

In the Matter of the Application of RAYMOND G. KLINE, Respondent, Appellant, for an Order of Mandamus against WILLIAM HUNT, as Warden of Attica State Prison, and Others, Appellants, Respondents.— Alternative mandamus order affirmed, with ten dollars costs and disbursements. All concur. (The alternative mandamus order directs reinstatement of petitioner as a prison guard and denies the application for a peremptory order of mandamus.) Present — Sears, P. J., Edgcomb, Crosby, Cunningham and Taylor, JJ.

MARY FITZGERALD, Respondent, v. Dr. RENA M. BIGALOW, Appellant.— Order reversed, with ten dollars costs and disbursements, and matter remitted to the Special Term to proceed in accordance with the memorandum. Memorandum: A motion may be made under subdivision 6 of rule 107 of the Rules of Civil Practice whether or not the defendant has answered. This was not formerly the law because of section 282 of the Civil Practice Act, which, however, was repealed on March 16, 1932 (Laws of 1932, chap. 224). We held to the same effect in *Crocker* v. *Ireland* (235 App. Div. 760), although the point was not mentioned in the memorandum or in the briefs. The complaint states two causes of action, one for personal injuries, and one for damage to property. (*Reilly* v. *Sicilian Asphalt Paving Co.*, 170 N. Y. 40.) The Statute of Limitations is tolled by the absence of the defendant from the State for slightly more than three years. In fairness to the plaintiff we think she should be given an opportunity to present facts traversing the defendant's statement in her affidavit or to present grounds for proceeding under some of the provisions of rule 108 of the Rules of Civil Practice, if plaintiff may be so advised. All concur. (The order denies a motion to dismiss the complaint in an automobile negligence action.) Present — Sears, P. J., Edgcomb, Crosby, Lewis and Taylor, JJ.