Rose Lampke, as Administratrix of the Estate of Veronica Schumacher, Appellant, *v.* Metropolitan Life Insurance Company, Respondent.

Argued October 24, 1938; decided November 29, 1938.

*Manly Fleischmann, Adelbert Fleischmann* and *Joseph A. Marion* for appellant. Breach of the conditions of the policies on the part of the insured was a question of fact which was properly submitted to the jury. (*Independent Life Ins. Co.* v. *Butler*, 221 Ala. 501.) The plaintiff established a clear case of waiver, and the case was properly submitted to the jury upon that issue. (*Bible* v. *John Hancock Mut. Life Ins. Co.*, 256 N. Y. 458; *Salamida* v. *John Hancock Mut. Life Ins. Co.*, 148 Misc. Rep. 702; 241 App. Div. 636; *Bank of United States* v. *Davis*, 2 Hill, 451; *Murphy* v. *Colonial Life Ins. Co.*, 83 Misc. Rep. 475; 163 App. Div. 875; *Archer* v. *Equitable Life Assur. Soc.*, 218 N. Y. 18; *Axelroad* v. *Metropolitan Life Ins. Co.*, 267 N. Y. 437.)

*Roy P. Ohlin* and *Mason O. Damon* for respondent. The Appellate Division properly held that the conditions of the policies had been broken and that there was no question for the jury on this issue. Insured was not in sound health on the policy dates. (*Rudolph* v. *John Hancock Mut. Life Ins. Co.*, 251 N. Y. 208; *Kipp* v. *Metropolitan Life Ins. Co.*, 41 App. Div. 298; *Holloway* v.

*Metropolitan Life Ins. Co.*, 90 Misc. Rep. 697; *Matejunas* v. *Prudential Ins. Co.*, 244 App. Div. 802; *Rohr* v. *Metropolitan Life Ins. Co.*, 226 App. Div. 715; *Butkevicus* v. *John Hancock Mut. Life Ins. Co.*, 228 App. Div. 501; *Atlantic Life Ins. Co.* v. *Hoefer*, 66 Fed. Rep. [2d] 464; *Cinquino* v. *Metropolitan Life Ins. Co.*, 239 App. Div. 765; *Volker* v. *Metropolitan Life Ins. Co.*, 1 Misc. Rep. 374.) The evidence was insufficient as a matter of law to sustain a verdict on the issue of estoppel. (*Brown* v. *Bowen*, 30 N. Y. 519; *Globe Mut. Life Ins. Co.* v. *Wolff*, 95 U. S. 326; *Axelroad* v. *Metropolitan Life Ins. Co.*, 267 N. Y. 437; *Levic* v. *Metropolitan Life Ins. Co.*, 242 App. Div. 595; *Maloney* v. *Masonic Aid Assn.*, 8 App. Div. 575; *Gutman* v. *U. S. Casualty Co.*, 241 App. Div. 752; *American Surety Co.* v. *Patriotic Assur. Co.*, 242 N. Y. 54.) Plaintiff cannot claim the benefit of an estoppel because the facts as to insured's medical history were concealed from the medical examiner. (*McCormack* v. *Security Mut. Life Ins. Co.*, 220 N. Y. 447; *Mutual Life Ins. Co.* v. *Hilton-Green*, 241 U. S. 613; *Hurley* v. *John Hancock Mut. Life Ins. Co.*, 247 App. Div. 547; *National Life Ins. Co.* v. *Minch*, 53 N. Y. 144; *Offerding* v. *Metropolitan Life Ins. Co.*, 286 N. Y. Supp. 654; *Axelroad* v. *Metropolitan Life Ins. Co.*, 267 N. Y. 437; *Fortunato* v. *Metropolitan Life Ins. Co.*, 160 Misc. Rep. 918; 248 App. Div. 680; *Bonaccio* v. *Prudential Life Ins. Co.*, 242 App. Div. 475.) Insured is chargeable with notice that the agent had no authority to waive the conditions of the policy. (*Russell* v. *Prudential Ins. Co.*, 176 N. Y. 178; *Axelroad* v. *Metropolitan Life Ins. Co.*, 267 N. Y. 437; *Euto* v. *American Lumbermens Mut. C. Co.*, 247 App. Div. 613; *Metzger* v. *Ætna Ins. Co.*, 227 N. Y. 411.)

HUBBS, J. Plaintiff is the administratrix of the deceased insured, Veronica Schumacher. The action was brought to collect on two industrial life insurance policies issued by the defendant. The policies contained the

following provisions: " If, (1) the insured is not alive or is not in sound health on the date hereof; * * * or has, within two years before the date hereof, been attended by a physician for any serious disease or complaint * * * the Company may declare this policy void." The insurance company defended on the ground that it is admitted that within two years of the dates of the policies the deceased had been attended by a physician for high blood pressure which, it contends, was a " serious disease or complaint." The reply of the plaintiff was that the insured's condition did not constitute a " serious disease or complaint " and that the insurance company had waived or was estopped to set up the defense stated.

The trial court submitted to the jury the issue whether the condition in the policy had been breached and whether there had been a waiver or estoppel. The jury found for the plaintiff. The Appellate Division at first unanimously affirmed, then granted a reargument, and after reargument unanimously reversed on the law on the authority of *Fortunato* v. *Metropolitan Life Ins. Co.* (248 App. Div. 680, which affirmed 160 Misc. Rep. 918).

The basis of the Appellate Division's decision was that since in the applications the deceased had stated that she was in good health there was no estoppel as a matter of law and no question for the jury was presented.

The notice to the insurance company upon which the plaintiff relies as constituting evidence of estoppel is contained in several conversations had between the deceased and Colichia, the insurance company's agent. He appears to have been an agent to sell policies, deliver them and collect the premiums. The most direct evidence of notice to the company is contained in the testimony of Mrs. Tollner who testified that the deceased told the agent: " Why, she said she had high blood pressure and she was subject to dizzy spells; that if she worked hard it excited her quite a bit and she had to take a rest during

the day." This conversation took place about a year before the agent finally persuaded the deceased to take out the policies. However, there is evidence to the effect that on several occasions thereafter he had his attention called to the question of insured's condition of health. The day he persuaded her to apply for the insurance she again told him that she was afraid that she would not pass the doctor's test, and the agent told her to " just try." Thus there is evidence upon which the jury could have found that the agent had knowledge of the insured's condition of health. In the application the deceased stated that she was in sound health and had not been under the care of a physician for three years. This was the fact upon which the Appellate Division relied to hold, as a matter of law, that the insurance company was not estopped. We believe that holding to be erroneous.

Prior to the enactment of section 58 of the Insurance Law (Cons. Laws, ch. 28), a policy might, by stipulation or reference therein, make a part of itself statements of the assured which were not embodied in the policy and such material statements were warranties the falsity of which avoided the policy. The insured, as a part of his contract, did not have a copy of such statements. He could not, by reading his policy, know what the statements were. He had no opportunity to correct any error in the statements. By the enactment of section 58 the Legislature intended to and did change the situation by providing that the policy should contain the entire contract and that nothing could be incorporated therein by reference. Section 58 provides: "Any waiver of the provisions of this section shall be void." After the enactment of section 58 the defense that the insured made false statements inducing the issuance of the policy ceased to constitute a valid defense unless such statements were made a part of the policy as provided in the section. The decisions previously made,

holding such defense to be valid, no longer represented the law of the State. By many decisions the law has been definitely settled to the effect that false material statements made to induce a company to issue its policy, whether made orally or in writing, no longer constitute a defense unless such statements are attached to or indorsed upon the policy. Not constituting a defense, no evidence can be received of such material false statements. (*Archer* v. *Equitable Life Assur. Society*, 218 N. Y. 18.) Since that decision a defense based upon alleged false statements, not made a part of the policy as required by section 58, no longer has existed in this State. It makes no difference whether such false statements be called representations or warranties.

Undoubtedly the insured had been attended by a physician within two years before the date of the policies. Her statement in the applications, standing alone, that she had not been under the care of a physician within three years, was false. It was not a warranty as the provision was not contained in the policies and the applications were not attached to the policies as required by section 58 of the Insurance Law. (*Minsker* v. *John Hancock Mut. Life Ins. Co.*, 254 N. Y. 333.) If the application had been attached to the policies the false statement would have made them void within the decision last cited. In *Fortunato* v. *Metropolitan Life Ins. Co.* (*supra*) the application was not attached to or indorsed upon the policy; therefore, the false statements of the insured did not constitute a defense to the policy. The decision in that case is, therefore, disapproved.

We now consider another question — whether, under the express terms of the policies, an issue of fact was presented by the evidence to the effect that the agent knew the condition of the insured's health at the time the applications for the policies were executed. The defendant relied upon the provision of the policies that they might be declared void if the insured had been

attended by a physician for a "serious disease or complaint" within two years and if she was not in sound health at the date of the issuance of the policies. Under those defenses the burden of proof was upon the defendant. Unless it established one of those defenses as a matter of law a question of fact existed for the determination of the jury.

What constitutes a serious disease or sound health is ordinarily a matter of opinion. A condition which in one person might constitute a "serious disease or complaint" in another person might not be considered serious.

It appeared that the insured, some time before she applied for the policies in question, had suffered from what she characterized as high blood pressure and had dizzy spells. A physician who attended her four months prior to the date of the policies testified that at intermittent periods she had systolic blood pressure between 190 and 200. She was forty-seven years of age. A witness testified that she seemed well. She did her own housework and the company physician who examined her before the policies were issued reported her in good health. The physician who attended her and testified to her blood pressure did not testify that she was suffering from a "serious disease or complaint" or that she was not in sound health as that term is generally understood and as the defendant's examining physician reported. It cannot be decided as a matter of law that insured was not in sound health at the date of the policies. (Cf. *Independent Life Ins. Co.* v. *Butler*, 221 Ala. 501.)

It is urged by the respondent that by reason of the conditions in the policies, presumably known to the insured, the agent had no authority to change such conditions; that he could not invest himself with such authority; that the doctrine of equitable estoppel has no application; and that the parol evidence rule prevents the introduction of oral evidence to establish the knowledge of the agent. True it is that such contentions find

support in decisions in some jurisdictions. (Cf. *Batchelder* v. *Queen Ins. Co.*, 135 Mass. 449; *Dewees* v. *Manhattan Ins. Co.*, 35 N. J. L. 366.) There are also opinions in the United States Supreme Court to the same effect. (Cf. *Northern Assur. Co.* v. *Grand View Building Assn.*, 183 U. S. 308.) Those cases, however, are directly contrary to a long line of decisions in this jurisdiction which definitely establish the doctrine that where an insurance company has by its conduct induced a person to enter into a contract of insurance, thereby giving it an advantage it would be against equity and good conscience to permit it to assert, the company cannot, in a court of law, assert such advantage. To permit an insurance company to accept the payment of premiums on a policy which it knew when issued was void from its inception would constitute a fraud on the policyholder. (*Sternaman* v. *Metropolitan Life Ins. Co.*, 170 N. Y. 13, 23; *Bible* v. *John Hancock Mut. Life Ins. Co.*, 256 N. Y. 458, 462.) Repeatedly we have held that the knowledge of an agent with the authority of the agent here involved constitutes knowledge on the part of the company. (*McClelland* v. *Mutual Life Ins. Co.*, 217 N. Y. 336, *Bible* v. *John Hancock Mut. Life Ins. Co.*, *supra.*)

It is urged by the respondent that such principle is not applicable in the case at bar, because the insured must have known that the agent did not have authority to bind the company. We cannot say as a matter of law that she had such knowledge. The fact that the policies contained provisions to the effect that the agent could not bind the company by waiver charged the insured with notice upon the acceptance of the policies that the agent could not thereafter waive a breach of a condition of the policies. It did not, however, nullify a waiver or estoppel which had prior thereto come into effect. (*Whipple* v. *Prudential Ins. Co.*, 222 N. Y. 39; *Drilling* v. *N. Y. Life Ins. Co.*, 234 N. Y. 234.)

Finally it is contended by the respondent that there is no evidence of waiver or estoppel, as a result of the information given by the insured to the agent, as the company thereafter required the insured to take a medical examination and she did not inform the medical examiner of the facts which she had stated to the agent. The contention cannot be sustained as a matter of law. It might very well be that she thought that the medical examination was required because of the information which she had given to the agent.

If the jury found that the defendant had failed to establish that the insured was not in sound health, or had been attended by a physician within two years before the date of the policies for any serious disease or complaint, the question of waiver or estoppel would be unimportant, and the trial court so instructed the jury.

The judgment of the Appellate Division should be reversed and that of the trial term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment accordingly.