ABRAHAM FRIEDMAN, Respondent, v. METROPOLITAN LIFE INSUR-
ANCE COMPANY, Appellant.

First Department, February 11, 1944.

David R. Crow of counsel (Tanner, Sillcocks & Friend, attorneys), for appellant.

Samuel J. Joseph of counsel (Samuel Resnicoff, attorney), for respondent.

Per Curiam. In order to avoid the condition of the policy requiring indorsement on the policy of medical treatment of the insured within a period of two years from the date of the policy, the plaintiff offered evidence that the treatment was for a disease which was disclosed to the defendant. That evidence, however, was contradicted by proof offered by the defendant. The issue thus created should have been submitted to the jury.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed and a new trial granted, with costs in this court and in the Appellate Term to the appellant to abide the event.

COHN, J. (dissenting). The only defense to this action interposed by the defendant insurance company was that, in violation of a condition of the policy, within two years prior to the date of issue thereof, the deceased had received hospital treatment and plaintiff had failed to show that the condition occa-

sioning such treatment was not of a serious nature or was not material to the risk. The condition of the policy which the company claimed plaintiff breached reads as follows: " if within two years prior to the date of issue of this Policy the Insured has received institutional, hospital, medical, or surgical treatment or attention, and the Insured or any claimant under the Policy fails to show that the condition occasioning such treatment or attention was not of a serious nature or was not material to the risk, this Policy shall be voidable by the Company either before or after any claim unless reference to such institutional, hospital, medical, or surgical treatment or attention is endorsed on this Policy by the Company. *Provided, however, that this Policy shall not be voidable because of absence of endorsement referring to any information which was disclosed in a written application for this Policy."* (Emphasis mine.)

As I interpret this clause, the burden was plainly upon the insurance company, in support of its affirmative defense, to show not only that there was no reference to hospital treatment indorsed on the policy by the company but that such information was not disclosed in the deceased's written application for the policy. The policy itself, in the space for indorsements, contains no reference to any treatments received by the insured. Defendant, however, was unable to show that the insured failed to set forth the information in her application. Since a copy of the application was not annexed to the policy, the application could not be admitted into evidence because of the provisions of section 142 of the Insurance Law. Furthermore, whether or not the insured revealed the treatment in her application could not be proved by oral testimony. (*Mahaney* v. *Carr,* 175 N. Y. 454, 461-462.) Without proof of the contents of the application the defendant insurance company could not establish its defense that the insured had breached the condition of the policy. (*Lampke* v. *Metropolitan Life Ins. Co.,* 279 N. Y. 157; *Abbott* v. *Prudential Ins. Co.,* 281 N. Y. 375.) The directed verdict in this case was proper. Accordingly, I dissent and vote to affirm the determination of the Appellate Term.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur in *Per Curiam* opinion; COHN, J., dissents in opinion and votes to affirm the determination of the Appellate Term.

Determination of the Appellate Term and the judgment of the Municipal Court reversed and a new trial ordered, with costs in this court and in the Appellate Term to the appellant to abide the event.