Morris Eder, J.
Defendants move pursuant to subdivision 2 of rule 106 of the Rules of Civil Practice to dismiss the complaint on the ground that it appears on the face thereof that plaintiff does not have legal capacity to sue defendants.
The complaint alleges: That plaintiff was appointed successor trustee in 1953 pursuant to a trust agreement originally made in 1940 to secure the payment of corporate bonds between defendant bank and a New York corporation, a copy of which is annexed; that pursuant to said agreement defendant bank *1023 as trustee was granted and received all the assets, real and personal, of the corporation including its plant and franchises “as a going concern ’’; that the bank resigned as trustee in 1953, was succeeded by plaintiff, and turned over to him only part of the corporation’s assets. The first cause of action alleges that in his representative capacity plaintiff demanded delivery of the remainder of said assets but same was refused; the second cause demands an accounting by the bank of its administration as trustee. The remaining causes deal with claims of depletion of corporate assets, mismanagement, etc., directed not only against the bank but also against the individual defendants, its officers and directors.
Simultaneously with their answer defendants served a notice of motion to dismiss pursuant to subdivision 2 of rule 106. They contend that plaintiff is not the “ real party in interest ”, that the real parties are the bondholders, and that a so-called trustee under a corporate trust indenture in the nature of a mortgage does not have the authority to sue unless the trust agreement contains an assignment to him of the bondholders’ causes of action for wrongs done or to be done to them or expressly grants him the right to sue on their behalf.
Plaintiff urges at the outset that the motion should be denied because the service of the answer constituted a waiver of the objection now raised. He cites, principally, Kaluszer Young Men’s Benevolent Soc. v. Independent Young Men’s Sick Benevolent Soc. (139 Misc. 391, affd. 233 App. Div. 706 [1st dept.]) and MacKenzie v. Climax Industries (73 N. Y. S. 2d 504) to the effect that a defendant “ cannot both answer and demur ” and that within 20 days after service of the complaint “ defendant has a choice of procedure either to answer or to make a motion under rule 106 or rule 107.” Defendants, on the other hand, cite Fitzgerald v. Bigalow (251 App. Div. 875 [4th dept.]) holding that, after the repeal in 1932 of section 282 of the Civil Practice Act a defendant could move to dismiss under rule 107 (and defendants say, the same is true of rule 106) “ whether or not the defendant has answered.” The Kaluszer case, it is true, was decided before the repeal of section 282, but the MacKenzie case was decided in 1947, after such repeal as well as after the Fitzgerald decision. A clear line of decision is not readily apparent from these and other cases. An analysis of the point involved seems to be required in order to determine this issue before the merits of the application may be considered. (See, also, Loehr v. East Side Omnibus Corp., 259 App. Div. 200 [1st dept., 1940], affd. 287 N. Y. 670, following the Fitzgerald decision on a motion under rule 107.)
*1024 Under our present system of pleading it is, of course, unnecessary for a defendant to answer within 20 days after service of the complaint where he desires to move with regard to it. He is not even required to ask for leave. Section 283 of the Civil Practice Act grants him the right to answer within 10 days after service upon him of a copy of the order denying his motion.
But, while a defendant is thus protected if he moves before answering and it would seem that he is expected to do so in the natural order of things, it does not follow that he ‘‘ cannot both answer and demur ” under our present system. Rule 106 (the “ demurrer ” rule) as well as rule 107 speak only of the notice of motion thereunder being served within 20 days after service of the complaint without any reference to an answer, except, of course, that motions to dismiss for lack of jurisdiction of subject matter or for insufficiency may be made at any time before the trial (or, on these two grounds, even during the trial, but it would not then be technically under rule 106). Obviously, as to these two grounds, the motion to dismiss being available even on the eve of trial may be made regardless of the fact that an answer has been served. Clearly, one may now both answer and demur.
As to the other grounds, including incapacity to sue, the objection, if appearing on the face of the pleading (as here claimed), is waived “ unless taken by motion ” (Civ. Prac. Act, § 278). Such motion provided for in rule 106 was properly made within the 20-day period. Defendants accordingly complied with the stated requirements of the section and rule. The question is whether, though not required to answer until 10 days after disposition of their motion, the fact that they did answer bars determination of the merits of such motion. Nowhere in the Civil Practice Act or rules is there now any such provision, or even a reference thereto.
Section 282 of the Civil Practice Act did provide (until 1932, when repealed) that “ The service of an answer * * * to a pleading * * * to which a motion has been addressed, shall be deemed an abandonment of the motion.” It was held in Shipley v. Schmitzer (224 App. Div. 730 [1st dept.]), that this section being part of the group following section 278 referring to ‘‘ Demurrers ’’ was to be limited in its effect to motions under rule 106 only, and that a motion under rule 107 could despite it be made even if an answer had already been served. When, accordingly, this section was repealed, motions also under rule 106 could thereafter be made notwithstanding the prior, simultaneous or subsequent service of an answer, provided only that the motion was made within the time limits provided *1025 in the rule. The repeal of this section removed the bar preventing a demurrer after answer (expressly confirmed by the authorization to move at any time before trial on the two stated grounds).
It is my conclusion, then, that, while defendants could have waited to serve their answer in accordance with section 283, no penalty attached by virtue of their serving simultaneously the answer and the notice of motion. If the motion were served within the 20-day period and had validity, the answer could be deemed superfluous but no longer an abandonment of the motion.
Considering, then, the merits of. the present application: The bondholders are, as contended, the “ real parties in interest Had the trust agreement provided an express assignment to the trustee (and its successors) of all their causes of action, the trustee would then have full legal title and be in contemplation of law the “ real party in interest ”. No such assignment is contained therein. Section 210 of the Civil Practice Act does provide, however, than an action is maintainable by certain designated categories of close legal relationship although not themselves “ the real party in interest ” (the action being obviously for the latter’s benefit and on their implied consent). Among such permitted exceptions is ‘‘ the trustee of an express trust ”.
Defendants have cited various authorities that a trustee under a corporate trust mortgage is granted limited powers confined to such mortgage and is not to be deemed a “ trustee of an express trust ” with power to sue for damages recoverable by the bondholders. These cases are not here in point, as the gravamen of this action is to recover assets allegedly taken, converted or wasted by the predecessor trustee or its officers. In such an action it should not seriously be questioned that the successor trustee has legal capacity to sue where the instrument specifically conveys to the trustee or its successors all of the corporate assets, thus investing plaintiff with title to the property allegedly taken, converted or wasted.
The motion is accordingly denied.