THOMAS W. JOHNSON, Respondent, *v.* WILLIAM H. SYNETT and CHARLES H. NOXON, Appellants.

*Libel per se — proof of publication and circulation of a newspaper — when a question for the jury.*

In an action brought to recover damages for the publication of an alleged libel it was shown that a newspaper published the following article:

"It is reported about town that Rev. Mr. Johnson, the M. E. colored minister from this place, was one day last week arrested in New York after he alighted from the train at the Grand Central Station. It is claimed that he was too much of a family man. He is still under cover."

*Held*, that such publication was libelous *per se*.

Upon the trial of such action the plaintiff gave evidence that the newspaper was generally sold on the streets of the place where it was published, but he proved no sales of the issue containing the article in question. He, however, proved

an interview with the defendants in which they admitted the publication of the article and offered, if the same was untrue, to publish a retraction, and he produced a copy of the paper with the article therein.

*Held,* that this proof was sufficient to carry the question of publication and circulation to the jury.

APPEAL by the defendants, William H. Synett and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 18th day of December, 1894, upon the verdict of a jury rendered after a trial at the Westchester Circuit, and also from an order entered in said clerk's office denying the defendants' motion for a new trial.

*Charles H. Noxon,* for the appellants.

*C. H. & J. A. Young,* for the respondent.

BROWN, P. J. :

This action was brought to recover damages for an alleged libel. The appellants are the proprietors and publishers of the Westchester County *Tribune,* a newspaper published at New Rochelle in Westchester county.

On May 25, 1894, the following article appeared in that paper :·

" It is reported about town that Rev. Mr. Johnson, the M. E. colored minister from this place, was one day last week arrested in New York after he alighted from the train at the Grand Central Station. It is claimed that he was too much of a family man. He is still under cover."

At the opening of the case the appellants' counsel moved to dismiss the complaint upon the ground that the article was not libelous, and at the close of the plaintiff's testimony moved that a verdict be directed for the defendants on the ground that facts sufficient to constitute a cause of action had not been proven.

These motions were denied and exceptions taken to the court's. ruling.

There is no doubt but that the publication is libelous *per se.* (*Shelby* v. *Sun Printing Association,* 38 Hun, 474; affd., 109 N. Y. 611; *Moore* v. *Francis,* 121 id. 199–204; *Morey* v. *Morning Journal Association,* 123 id. 210.)

194 · PEOPLE ex rel. LEE v. COLLEGE POINT.

SECOND DEPARTMENT, JULY TERM, 1895.          [Vol. 89.

The defendants admitted that they were the publishers of the newspaper and that the article was published therein, but denied that it was published with malice or intended to injure the plaintiff.

The plaintiff gave evidence that the paper was generally sold on the streets of New Rochelle, but proved no sales of the issue containing the article in question. He, however, proved an interview with the defendants, in which they admitted the publication, and offered, if the article was untrue, to publish a retraction. A copy of the paper with the article therein was produced on the trial. This proof was sufficient to carry the question of publication and circulation to the jury, and the request to charge the jury that there was no evidence of circulation and that one copy was not evidence of circulation, was properly denied. (*Marx* v. *Press Publishing Company*, 34 N. Y. St. Repr. 316; affd., 134 N. Y. 563; Townshend on Libel & Slander [4th ed.], § 573.)

The judgment must be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Judgment and order affirmed, with costs.