(113 App. Div. 281)

### HART v. JOHN H. WOODBURY DERMATOLOGICAL INSTITUTE.

(Supreme Court, Appellate Division, First Department. May 11, 1906.)

1. LIBEL AND SLANDER—COMPLAINT—INNUENDOES.

Innuendoes in a complaint for libel do not limit plaintiff to the meaning thereby ascribed to the publication complained of, but the complaint is good if without them the article appears libelous per se.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 208.]

2. SAME—WORDS HOLDING ONE UP TO SCORN AND CONTEMPT.

The statement that plaintiff allowed her picture to be taken and used as an advertisement, when it was repulsive to look at, is libelous per se, as holding her up to scorn and contempt.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 1.]

3. SAME—EXCITING PITY AND CONTEMPT.

An article falsely imputing to one a letter, stating that because of the condition in which smallpox left the writer's face she was an object of scorn and pity, that one side of her face had been cured by the addressee's treatment, and that when he should cure the other side she would once more take her place in the world, and enjoy the pleasures of life denied to persons afflicted as she had been, is libelous per se; its natural effect being to excite pity and contempt.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 1.]

Appeal from Special Term, New York County.

Action by Grace Hart against the John H. Woodbury Dermatological Institute. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed, with leave to answer.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and HOUGHTON, JJ.

Arthur Ofner, for appellant.
William W. Pellet, for respondent.

PATTERSON, J. This is an appeal from an interlocutory judgment sustaining a demurrer to a complaint in an action to recover damages for an alleged libel. The decision of the court below was evidently placed upon the ground that the matter complained of as having been composed and published by the defendant was not libelous per se, and, in the absence of an allegation of special damage, the action could not be maintained. There are two causes of action set forth in the complaint; the first, in substance, being that the defendant maliciously composed and published of and concerning the plaintiff, in a newspaper published in the city of New York, an advertisement which exhibited a picture or portrait of the plaintiff, who was a patient of the defendant, a corporation engaged in the treatment of diseases of the skin, and in the correction and removal of irregular physical conditions of the human body; that in that advertisement the statement is made that the plaintiff, having been afflicted with the smallpox, after her recovery was treated by one John H. Woodbury, and that her facial condition was appalling; that she was mentally depressed and morbid, and that she shunned association with her old friends and even her own family; that she, in

order that others similarly afflicted might come to know of the bless-
ings in store for them, consented to cast aside her prejudice, and permit
a photograph of herself to be taken when half the face had been
treated and smoothed.  The advertisement then proceeds as follows:

"As you can see, clear skin has replaced the repulsive ravages of the small-
pox.  When half the task had been finished, true to her word, this noble
woman not only sent willingly to the photographer, but felt that in so doing
she would be the means of relieving hundreds of others who were suffering
the anguish that she herself had known."

In connection with some of the statements concerning the plaintiff
in this advertisement, the complaint contains innuendoes which undoubt-
edly enlarge the tenor of such statements.  But the plaintiff is not
confined to the meaning ascribed to such statements in the innuendoes,
and if, eliminating them, sufficient remains to show that the article is
libelous per se, the action can be maintained.  Morrison v. Smith, 177
N. Y. 366, 69 N. E. 725.

This first cause of action does hold the plaintiff up to scorn and con-
tempt in the extract last quoted.  There is the statement which the
plaintiff claims to be false, viz., that she allowed her picture to be taken
and used as an advertisement when it was repulsive to look at it; in
other words, that she permitted herself to be exhibited as a repulsive
spectacle.  Any person who would allow that to be done would neces-
sarily be an object of scorn and contempt.

In the second cause of action the plaintiff, after reiterating and re-
alleging the allegations contained in the first cause of action, alleges that
the defendant maliciously composed and published of and concerning
her and distributed a circular containing an advertisement exhibiting a
portrait or picture of her representing the condition of her face after a
partial and incomplete treatment, showing the left side pocked, pitted,
and scarred, and the right side in a smooth, clear, and normal condi-
tion; and in conjunction therewith, and as part of the same advertise-
ment, that the defendant falsely and maliciously composed and published
of and concerning the plaintiff the following false and defamatory
matter:

### "A Letter to Woodbury."

"Dear Sir: When I first went to the Woodbury Institute, and after a con-
sultation was told that the smallpox pittings that covered my entire face could
be removed, I had no faith whatever in your ability to fulfill your promise.
Now I know better.  Half my face is as smooth and firm as it was before
the dread disease made me an object of scorn and pity, and I look forward
now to the day when the other side has been restored as the happiest day
in my whole life, for on that day I shall feel at liberty to once more take
my place in the world, and enjoy the pleasures of life that are denied to
those who are afflicted as I have been.  I promised to send you this picture
when half my face was restored, and now I hope you will hurry and finish
the other side.  Very truly yours."

Then follow the statements contained in the advertisement concerning
the plaintiff which have been previously referred to as being set-forth in
the first cause of action.

The plaintiff alleges that the letter above quoted was composed and
published by the defendant.  It was, therefore, not her production, and
in it she is proclaimed as having stated that she was "an object of scorn
and pity," and that through the instrumentality of the defendant and

the treatment which was afforded her she could once more take her place in the world, and enjoy the pleasures of life that were denied to those who were afflicted as she had been. The effect of such a statement naturally would be to excite the pity and contempt of those with whom she was acquainted, as indicating that through the visitation of a disease she had become so morbid as to admit that she was an object of the scorn of her friends; that she was virtually an outcast from society, and had not the strength of mind to endure a misfortune which had come upon her without her fault. Falsely imputing to her the authorship of such a letter we regard as libelous per se. The imputation of poverty and squalor or alleged misery may be so put as to excite ridicule and amount to defamation. Battersby v. Collier, 24 App. Div. 89, 48 N. Y. Supp. 976. It will not do to claim that those parts of the publications made by the defendant which constitute the substance of the libel are rendered innocuous because in other places the plaintiff is referred to as a noble woman, and complimented in other ways. Such remarks do not condone nor mitigate nor palliate the defamatory portions of the articles. The whole matter may be summed up in a few words: The purport of the allegations of the complaint is that the defendant composed, attributed to the plaintiff, and published a letter which defames her, in that it attributes to her a declaration that she was an object of scorn and pity. That letter was used in connection with statements in the advertisements issued by the defendant that the plaintiff's condition before she was subjected to treatment was such as horrified herself, and she presented an appalling sight; that she became mentally depressed and morbid, and that she shunned association with her friends and family, and it was impossible for her to overcome the embarrassment and self-consciousness that possessed her.

The demurrer was improperly sustained, and the interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, and the defendant permitted to withdraw demurrer and to answer on payment of costs in this court and in the court below. All concur. HOUGHTON, J., concurs as to second cause of action.