## DANIEL G. COLE v. FRANK R. MILLSPAUGH.[1]

May 27, 1910.

Nos. 16,560—(112.)

**Words libelous.**

It is libelous per se to write of a clergyman, an applicant for a pulpit, "I would not have anything to do with him or touch him with a ten-foot pole," if under all the circumstances the words used would expose the person written of to hatred or contempt, or injury in his business or occupation.

**Complaint good against demurrer.**

Complaint *held* to state a cause of action, and presenting the question of fact whether the words used were intended to and might be understood to charge conduct or characteristics inconsistent with good character or plaintiff's profession.

Action in the district court for Hennepin county to recover $1,999 damages for libel. From an order, Holt, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Reversed.

*Thos. D. Schall* and *Thomas Kneeland,* for appellant.

*Savage & Purdy,* for respondent.

[1]Reported in 126 N. W. 626.

O'BRIEN, J.

Action for libel. According to the complaint, a demurrer to which was sustained upon the ground of no cause of action, the Universalist Church in Minnesota has what is known as a "fellowship committee," to which applications for pastorates are addressed. The recommendation of the committee is necessary to the obtaining of any such pastorate. Plaintiff, a duly ordained minister of the gospel, had applied to the committee for a position, and, while his application was pending, "defendant falsely and maliciously, for the purpose of preventing plaintiff from securing the pastorship of any such vacant churches, and of injuring plaintiff in his profession as a minister, wrote and published of and concerning plaintiff, and of and concerning him in his profession as a minister, to said Rev. Thomas S. Robjent and others of said fellowship committee, the following false, malicious, defamatory, and libelous words and language, to wit: 'I (meaning defendant) would not have anything to do with him or touch him (meaning plaintiff) with a ten-foot pole' (thereby meaning to charge and intending to mean and charge, that plaintiff was unfit and unqualified morally and intellectually to fill the pastorship of any church, and particularly of any of said vacant pastorships of the Universalist Church aforesaid, and unfit and unsafe to fill any position of employment or place of trust, and that he was a man of bad character and poor intellectual qualifications, and untrustworthy in any place or position)."

Defendant insists that the words, "I would not have anything to do with him or touch him with a ten-foot pole," are not libelous per se, for the reason that they neither assert nor imply anything against the plaintiff, but merely state what the defendant himself would not do. Libel, as defined by section 4916, R. L. 1905, is a malicious writing which exposes one "to hatred, contempt, ridicule, or obloquy, or which shall cause or tend to cause any person to be shunned or avoided or which shall have a tendency to injure any person, corporation, or association of persons in his or their business or occupation." If a written statement is intended to, and may, as the words used are ordinarily understood, produce that result, the

statute is violated, and a cause of action for general damages exists in favor of the person as to whom the statement is made.

This case is not free from difficulty. In themselves the words used do not charge the plaintiff with the commission of any crime, nor the possession by him of any characteristic which would necessarily expose him to hatred, contempt, or ridicule upon the part of any person other than the defendant, who is, of course, free to enjoy his own likes and dislikes and select his own company. Upon the other hand, the statement is one which might, under certain circumstances, imply and be understood as charging the possession by the plaintiff of habits and qualities which would render him entirely unfit to be the pastor of a church congregation.

The considerations governing such a case are fully discussed in McDermott v. Union Credit Co., 76 Minn. 84, 78 N. W. 967, 79 N. W. 673. On the reargument of that case it was held that to charge one with being "slow" in the payment of his debts was not libelous per se; but that was only because of the particular circumstances there existing and the connection in which the statement was made. That decision was to the effect that a discommendatory statement, general in its terms, and which charges neither the commission of crime nor the possession of specific offensive characteristics, may or may not be libelous per se, depending upon the circumstances and conditions under which the statement is made. It seems clear that such is the correct conclusion; otherwise, a skilful writer might destroy the reputation of another, and yet avoid all legal responsibility for his conduct. It is not necessary to descend to vulgar abuse, or to make specific charges of crime, in order to expose one to hatred, contempt, or ridicule, or to injure him in his business or occupation.

The plaintiff is a clergyman, and must, if he is to be successful in the practice of his profession, maintain a spotless reputation. He had submitted his application to be placed in charge of a church to the committee, whose recommendation was necessary, and who, before making it, were required to determine his qualifications for the position, which necessarily included not only his integrity and education, but those refined and personal qualifications so necessary to

111 M.—11.

a successful performance of the many and complex duties falling to the lot of a clergyman. While it is true that the plain meaning of the words cannot be changed by any allegations of the complaint, it is also true that the circumstances under which the statement was made and the motive of the person making it may determine the meaning with which the words were used and how they were intended to be and were understood.

The complaint alleges that the words quoted were written by the defendant maliciously to the members of the committee for the purpose of preventing the committee from giving its recommendation to the plaintiff. We cannot avoid the conclusion that such a statement so made, and emanating from a responsible source, might tend to expose a clergyman, situated as was the plaintiff, to contempt and injury in his profession. Therefore, under the allegations of the complaint, evidence might properly be received which would justify a jury in so finding. In the absence of any denial, explanation, or justification upon the part of the defendant, it must be held that the statement was libelous and actionable per se, and the demurrer improperly sustained.

Order reversed.