PANKEN v. HOLLY et al.

(Supreme Court, Appellate Division, First Department. November 24, 1911.)

NEGLIGENCE (§ 110*)—COMPLAINT FOR PERSONAL INJURY—SUFFICIENCY.

   A complaint in an action for injury resulting from plaintiff falling into an elevator shaft in defendant's hallway is insufficient where it fails to show that the hallway was one to which defendant had invited the public, or which was provided for plaintiff's use, or which he had the right to use.

   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 177, 178; Dec. Dig. § 110.*]

   McLaughlin J., dissenting.

Appeal from Special Term, New York County.

Action by Jacob Panken against Henry H. Holly and another. From an interlocutory judgment sustaining a demurrer to an amended complaint, plaintiff appeals. Affirmed.

See, also, 130 N. Y. Supp. 1123.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Edwin T. Taliaferro, for appellant.

W. Lester Glenney, for respondents.

PER CURIAM. There is no allegation in the complaint to show that the hallway from which the plaintiff fell was one in which the defendant had invited the public to enter or provided for the use of the plaintiff, or which he had the right to use; so that the plaintiff does not show a state of facts which imposed upon the defendant the duty of guarding or protecting the entrance to the elevator.

The judgment should be affirmed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend on payment of said costs.

McLAUGHLIN, J., dissents.