## CURTIS v. ARGUS CO.

(Supreme Court, Appellate Division, Third Department.    January 5, 1916.)

LIBEL AND SLANDER ☞9—ACTIONABLE WORDS—WORDS IMPUTING CRIME.

A publication concerning plaintiff as pastor of a Baptist Church, charging him with juggling collections, and stating that charges were to be brought against him therefor, that a meeting was to be held to act on the matter, that the police were requested to be on hand, and that trouble had been brewing for some time, was libelous; as in its ordinarily understood meaning it tended to bring him into disgrace and odium, to injure his good name, and to affect his standing in his profession.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 80–90; Dec. Dig. ☞9.]

Appeal from Trial Term, Albany County.

Action by Ellis T. Curtis against the Argus Company. From a judgment upon the verdict of a jury and from an order denying the defendant's motion for a new trial upon the minutes, defendant appeals. Judgment and order affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Dugan & Bookstein, of Albany (Daniel J. Dugan, of Albany, of counsel), for appellant.

Thomas A. Allen, of Albany (Richard O. Bassett, of Albany, of counsel), for respondent.

JOHN M. KELLOGG, P. J.    The sole question for consideration is whether the article published concerning the plaintiff as pastor of the Morning Star Baptist Church is libelous.    In various forms of words he was charged with juggling of moneys taken on the collection plate, and that charges were to be brought against him therefor.    The headline of one of the articles indicates the general purport:

"Trustees to Oust Pastor if Possible.    Rev. Dr. Curtis, of Morning Star Baptist Church, Accused of Juggling Collection—Meeting To-night to Act upon the Subject—Police Requested to be on Hand—Trouble has Been Brewing for Some Time."

In Morse v. Star Co., 118 App. Div. 256, 103 N. Y. Supp. 496, the plaintiff was charged with staggering into a police station, clinging to the sergeant's desk, and then fell to the floor with a crash, and it was alleged that his wife said he had been celebrating.    This was held to be libelous.    If the statement that a man staggers into a police station and falls to the floor, and the suggestion that he has been celebrating, indicates drunkenness and is libelous, it would seem that to accuse a pastor with juggling with the plate collections and that he was to be tried therefor is equally libelous.    No church would employ a pastor who juggles with plate collections and who has to be tried before the church therefor.    The charge clearly is injurious to his character and his standing in his profession, and holds him up to contempt and ridicule.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It is urged that the word "juggle" in itself has no very bad meaning. But when a pastor is accused of juggling with plate collections, and is to be tried therefor, the words must be given the meaning in which the public ordinarily would understand them, and the expression is not capable of any reasonable understanding which does not bring disgrace and odium upon the pastor and injure his good name and affect his standing in his profession.

The judgment and order should be affirmed, with costs. All concur.