FREDERICK VAN LOON, Respondent, *v.* R. LAWRENCE SMITH, INC., Appellant.

First Department, February 23, 1917.

**Pleading — negligence — injuries by kick of horse — sufficiency of complaint — liability of licensee.**

In an action to recover for personal injuries sustained by being kicked by a vicious horse while the plaintiff was on a steamship chartered by the defendant, an allegation of the complaint "That at all the times hereinafter mentioned, and at the time of the injuries hereinafter set forth, plaintiff was lawfully and rightfully upon said *S. S. Manchester,*" is insufficient to charge the defendant with liability under the other facts in the complaint.

So far as the complaint discloses the plaintiff was a bare licensee upon the vessel to whom the defendant owed no duty save that of refraining from inflicting willful and wanton injury upon him.

APPEAL by the defendant, R. Lawrence Smith, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of May, 1916, denying defendant's motion for judgment on the pleadings, consisting of a complaint and answer.

*H. Preston Coursen,* for the appellant.

*Joseph A. Shay,* for the respondent.

DOWLING, J.:

The action is brought to recover for damages claimed to have been sustained by the plaintiff while on the *S. S. Manchester,* chartered by defendant and moored to a dock in the borough of Brooklyn, city of New York. The plaintiff alleges that while he was on the said boat, without negligence on his part, but solely through the negligence and carelessness of the defendant, its agents, servants and employees, he was caused and permitted to be kicked by a vicious horse, whose propensities were known to the defendant, but of which it failed to warn plaintiff.

The sole allegation as to the plaintiff's right to be upon the said steamship at the time in question is contained in the 3d paragraph of his complaint, reading as follows: "That at all the times hereinafter mentioned, and at the time of the injuries hereinafter set forth, plaintiff was lawfully and rightfully upon said *S. S. Manchester.*"

This allegation is insufficient to charge the defendant with liability under the other facts set forth in the complaint herein. So far as the complaint discloses, the plaintiff was a bare licensee upon the vessel in question, to whom the defendant owed no duty save that of refraining from inflicting willful and wanton injury upon him. (*Panken* v. *Holly,* 146 App. Div. 947; *Fairchild* v. *Leo,* 149 id. 31; *Englehardt* v. *Central New England Railway Co.,* 139 id. 786; *Heskell* v. *Auburn Light, Heat & Power Co.,* 209 N. Y. 90; *Mathews* v. *Bensel,* 51

N. J. L. 30; *Land* v. *Fitzgerald*, 68 id. 28; *Zanone* v. *Oceanic Steam Navigation Co.*, 177 Fed. Rep. 912.)

The order appealed from will, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, but with leave to the plaintiff to serve an amended complaint within twenty days upon payment of said costs.

SCOTT, LAUGHLIN, SMITH and DAVIS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to amend on payment of costs.