# NORTHWESTERN DETECTIVE AGENCY, INCORPORATED v. WINONA HOTEL COMPANY AND ANOTHER.[1]

November 19, 1920.

No. 21,906.

**Libel and slander—false statement defamatory.**

    1. A written false statement relative to the failure of the plaintiff to pay an alleged debt is *held*, taken in connection with the circumstances surrounding, reasonably susceptible of a defamatory meaning as tending to injure the plaintiff in its business and as charging want of business integrity.

**Same — pleading sufficient.**

    2. An allegation that the publication, made by the corporation defendant's manager, was made as its agent, is sufficient as a pleading to charge the defendant with responsibility for his act.

Action in the district court for Winona county to recover $25,000 for

[1]Reported in 179 N. W. 1001.

libel. From an order, Childress, J., overruling their demurrer to the complaint, defendants appealed. Affirmed.

*Henry M. Lamberton* and *Leo F. Murphy,* for appellants.

*Frank L. Morrison,* for respondent.

DIBELL, J.

Action for libel. The trial court overruled the demurrer of the defendant Winona Hotel Company to the complaint and it appeals.

1. The plaintiff is a detective agency, whose business it is to protect hotels and others against bad debts, frauds, forgeries and the like, by furnishing them confidential information and services relative thereto.

In the fall of 1917 one Sarnshuis received accommodations as a guest at the defendant's hotel and did not pay his bill. The hotel company presented the bill to the plaintiff and demanded payment. The plaintiff denied liability and refused payment. The defendant knew that the plaintiff was not liable for its payment. Thereafter the defendant caused a hotel keepers' protective association located in New York to publish throughout the United States and in other countries a hotel debtor and credit letter bulletin as follows:

"Minn. X—Northwestern Detective Agency—$20.51, September 26th, 1917—hotel bill, Palace Building, Minneapolis, Minn., this account was contracted by one of their representatives, which they offered to pay. The hotel to which they are indebted has been instructed by the above agency to draw draft on them attaching the attorney's statement in which he says the Northwestern Detective Agency would make good the loss. This draft has been presented twice without results."

The complaint alleges that the statement was false and was maliciously published, and alleges general damages.

There is presented the difficulty, adverted to by Justice Mitchell in McDermott v. Union Credit Co. 76 Minn. 84, 78 N. W. 967, 79 N. W. 673, and mentioned in other cases, of marking the line of cleavage between publications which are and which are not libelous on their face. We reach the conclusion that the language used, taken in connection with the facts alleged as to the relation of the parties and the facts attending the publication, was reasonably susceptible of a defamatory meaning as tending to injure the plaintiff in its business and imputing

to it want of business integrity. The general rule is stated in Pratt v. Pioneer Press Co. 30 Minn. 41, 14 N. W. 64; Zier v. Hofflin, 33 Minn. 66, 21 N. W. 862, 53 Am. Rep. 9; Woodling v. Knickerbocker, 31 Minn. 268, 17 N. W. 387; Traynor v. Sielaff, 62 Minn. 420, 64 N. W. 915; Cole v. Millspaugh, 111 Minn. 159, 126 N. W. 626, 28 L.R.A. (N.S.) 152, 137 Am. St. 546, 20 Ann. Cas. 717; notes 3 L.R.A.(N.S.) 339, L.R.A. 1915E, 455.

2. The complaint alleges that the defendant Hine was an employee and the agent and manager of the defendant hotel company, and that he "as the agent, servant and employee caused said false, malicious and wrongful publications to be made, published and circulated." This is sufficient to charge the defendant company with responsibility for Hine's act. At present the question is one of pleading.

Order affirmed.