MOLLIE KLIPPEL, Respondent, *v.* BEATRICE S. WEIL, Appellant.

First Department, January 26, 1923.

Judgments — judgment on pleadings — motion for judgment on pleadings on ground that complaint does not state facts sufficient to constitute cause of action may be made under Rules of Civil Practice, rule 112, after issue joined and before trial — failure to move under Rules of Civil Practice, rule 106, does not waive objection — Civil Practice Act, §§ 278 and 279, applied.

A motion for judgment on the pleadings may be made after issue is joined and before trial, under rule 112 of the Rules of Civil Practice, on the ground that the complaint does not state facts sufficient to constitute a cause of action.

The failure to move under rule 106 of the Rules of Civil Practice does not waive the objection that the complaint is insufficient, since it is expressly provided by section 279 of the Civil Practice Act that that objection is not waived by failure to raise the same before trial and it is not one of the objections that will be waived under section 278 of the Civil Practice Act unless taken by motion.

APPEAL by the defendant, Beatrice S. Weil, from an order of the Supreme Court, made at the New York Special Term and entered

in the office of the clerk of the county of New York on the 7th day of August, 1922, denying her motion for judgment on the pleadings, consisting of a complaint and an answer.

*Bertrand L. Pettigrew* [*Walter L. Glenney* of counsel], for the appellant.

*Harry Miller* [*Nathan April* with him on the brief], for the respondent.

PAGE, J.:

The action is to recover damages for personal injuries alleged to have been caused by a fall on the steps leading from the street to the first floor of the premises owned by the defendant, due to negligence on the part of the defendant in permitting snow and ice to accumulate on said steps. The defendant's answer admitted control of the premises, but denied negligence on her part. The complaint alleged that the plaintiff was lawfully on the premises, without alleging the facts from which the legal conclusion could be drawn. From all that appears the plaintiff may have been a bare licensee to whom the defendant owed no duty except that of refraining from inflicting willful and wanton injury on her. (*Van Loon* v. *Smith, Inc.,* 176 App. Div. 547.)

The respondent claims that the defendant by failing to move under rule 106 of the Rules of Civil Practice has lost the right to make this motion except on the trial of the action. She has evidently overlooked rule 112 of the Rules of Civil Practice which was based upon section 547 of the Code of Civil Procedure. Demurrer is abolished by section 277 of the Civil Practice Act, and it is therein provided: " An objection to a pleading in point of law may be taken by motion for judgment as the rules provide." Where the objection appears on the face of the complaint a motion may be made under rule 106, and if not so made certain objections are waived. (Civ. Prac. Act, § 278.) It. is expressly provided that the objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by failure to raise the same before trial. (Civ. Prac. Act, § 279.) The defendant, however, does not have to wait for the trial to make the motion, but at any time after issue joined by the service of an answer, he is entitled to make any motion for judgment on the pleadings which he could make at the trial. (Rules of Civil Practice, rule 112.) The respondent cites *Feizi* v. *Second Russian Insurance Co.* (199 App. Div. 775) as an authority for her contention that a motion to dismiss the complaint for failure to state facts must be made within twenty days after the service of the complaint. There is nothing in the opinion in that case that will bear such a construction.

The question before the court was the power of the court to grant amendments to pleadings upon the trial. All that was said in that case with reference to rule 106 was in answer to the defendant's contention that it was prejudiced by not securing the delay which it would have secured under the former practice. We said: " The object of the Civil Practice Act and the Rules of Civil Practice was to simplify the practice, do away with many technical requirements, and avoid unnecessary and vexatious delays. The defendant could have made the motion within twenty days after the service of the complaint (Rule 106, Rules of Civil Practice), when it would have had twenty days after the service of the amended complaint in which to answer, and until the case was reached in its order upon the calendar in which to prepare for trial. It waited, however, until the case was actually reached, and then made the motion, and cannot complain that the time that it might have secured by prompt action is lost through dilatory tactics."

The motion should have been granted. The order should, therefore, be reversed, with ten dollars costs and disbursements, and defendant's motion granted dismissing the complaint, with ten dollars costs, with leave, however, for the plaintiff to serve an amended complaint within ten days after the service of a copy of the order to be entered herein and paying the above costs.

CLARKE, P. J., DOWLING, MERRELL and FINCH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint on payment of said costs.