GEORGE S. MASE, Appellant, v. FREDERICK J. REILLY, Respondent.

First Department, November 2, 1923.

Libel — charge that plaintiff lied in matter of public interest is libelous per se — complaint alleging that defendant accused plaintiff in writing of lying is prima facie sufficient — defendant's privilege as chairman of board of elections in making alleged libelous statement is matter of defense.

It is libelous *per se* to charge a man with lying in a matter of public interest, since such charge tends to hold him up to scorn or ridicule as a matter of law and *prima facie* a complaint stating the making in writing of such a charge is sufficient.

The defendant's contention in this action that the charge in question was made by him in his capacity as chairman of an election board in a report to the chief clerk of the board of elections in an inquiry conducted by the chief clerk and is, therefore, privileged, is a matter of affirmative defense to be pleaded and proven by the defendant, and the existence thereof did not authorize the dismissal of the complaint at the beginning of the trial on the ground that it did not state a cause of action.

APPEAL by the plaintiff, George S. Mase, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 14th day of December, 1921, upon the dismissal of the complaint by direction of the court after the opening of counsel for both parties.

*Gould & Gould* [*Charles W. Gould* of counsel], for the appellant.

*John P. O'Brien, Corporation Counsel* [*Henry J. Shields* of counsel; *John F. O'Brien* with him on the brief], for the respondent.

SMITH, J.:

One of the rooms of a public school was being used by the election board, and the plaintiff ordered a police officer to expel the janitor of the school from the room. It is claimed the officer expelled the janitor from the room, and some time later the board of elections instituted an official inquiry into the matter. In the course of that inquiry the plaintiff, in his capacity as chairman of the election board, made a report to the chief clerk of the board of elections, and thereafter the defendant wrote a letter to plaintiff's superior officer in which he included the following statement: "Mr. Mase [the plaintiff] says the janitor was not put out of the room. Mr. Giblin says he was. Somebody is lying in plain English. I think it is Mr. Mase."

Mase now brings this action for libel. The answer sets up a general denial, and, as a separate defense, further alleges that the defendant was an inspector of elections attached to the Assembly district board in said district; that one Giblin was the janitor of said public school, and that one of the rooms was occupied by the Assembly district board, of which the plaintiff was a member, and that the plaintiff ordered a police officer to expel the janitor, which the police officer did; that thereafter an investigation was instituted by one Burgoyne, chief clerk of the board of elections; that on or about October 21, 1919, the plaintiff as chairman of said Assembly district board, made a report to Burgoyne, in which he stated that the janitor had not been expelled from the room, and the answer further alleges: "The defendant believing that such representation was untrue and that the janitor had been expelled from the room, wrote the letter complained of to the said superior officer of the

plaintiff; that the matters of fact stated therein are true and the opinions therein are fair comment on the said acts of the said plaintiff and only such as to bring properly before the said superior officer the official misconduct and dereliction of the plaintiff, and were made wholly without malice and in good faith and in the belief that they were true; that the said letter was under said circumstances written by the defendant in discharge of his public and moral duty as a citizen, and is privileged."

The distinction between actions for slander and actions for libel need not be here recited. In an action for libel the rule is that any publication which tends to hold up a man to scorn or ridicule is libelous *per se*. The charge that a man is lying, at least, in a matter of public interest, is such a charge as tends to hold him up to scorn, as matter of law, and *prima facie* a complaint stating the making in writing of such a charge is good. The plea of privilege is an affirmative defense. Whatever privilege the defendant may have had in the case at bar, there was no authority in the court at the beginning of the trial to dismiss the complaint as not stating a cause of action.

The judgment should, therefore, be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.