LITTLETON E. H. SMITH, Plaintiff, *v.* THE BUFFALO TIMES, INC., Defendant.

Supreme Court, Erie County, March 5, 1925.

Judgments — motion for judgment on pleadings may be addressed to complaint alone — libel — libel per se — sufficiency of complaint — article in defendant's newspaper, charging that plaintiff, who is minister of gospel, lied upon witness stand in judicial proceeding, is libelous per se irrespective of innuendo pleaded — fair comment — privilege — motion by defendant for judgment on pleadings denied.

A motion by defendant for judgment on the pleadings may be addressed to the complaint alone on the ground of insufficiency in law, without including the answer.

Defendant's motion for judgment on the pleadings, in an action growing out of an alleged libelous publication appearing in the defendant's newspaper, wherein

the article charged that the plaintiff, who was a minister of the gospel, lied upon the witness stand during the progress of a judicial proceeding, will be denied, since the article, irrespective of the innuendo pleaded in plaintiff's complaint, is libelous *per se* in that it was injurious to the plaintiff's character and his standing in his profession and holds him up to contempt and ridicule.

It is for the trial court to determine as a matter of law, or a jury as a matter of fact, whether the article published was a fair, true and accurate account of the proceedings and whether the defendant was privileged in its publication.

Motion by defendant for judgment upon the pleadings.

*Elmer R. Weil,* for the plaintiff.

*Kenefick, Cooke, Mitchell & Bass,* for the defendant.

Hinkley, J.:

This is an eleventh-hour motion by defendant for judgment upon the pleadings. The case is at issue, and against the protest of defendant was set down for trial for March 2, 1925. Owing to the illness of defendant's attorney, new counsel was retained who procured this order to show cause on February 28, 1925, returnable at two P. M. on said March 2, 1925. The counsel for defendant addresses his motion to the insufficiency in law of the plaintiff's complaint and not to the combined complaint and answer. There is ample authority for this form of motion, even though it extends the original right to demur until the eve of the trial. (*Klippel* v. *Weil,* 204 App. Div. 323; *Koppel Industrial C. & E. Co.* v. *Portalis & Co.,* 205 id. 144.)

The complaint sets forth an alleged cause of action in favor of plaintiff against the defendant for libel, based upon the following publication in the defendant's newspaper, to wit:

" Call More Witnesses in Klan Probe; Rev. Smith a Member.

" Killeen yesterday afternoon scored a victory in the hearing before Judge Peter Maul when he obtained an admission from the Rev. L. E. H. Smith, pastor of the Ontario United Presbyterian Church, that he was a member of the Klan. The crusading pastor at first denied he had joined the organization, but when Killeen showed him the card he had signed last October the clergyman acknowledged his connection with the K. K. K. adding that he was ' proud of it.' "

The innuendo claimed by plaintiff to have been intended by defendant is contained in the following words of plaintiff's complaint: " that the plaintiff had committed the crime of perjury while on the witness stand in the proceedings hereinbefore described; that the plaintiff had uttered a falsehood, and was thereby unqualified and unfitted to continue his profession thereafter, and was a person unworthy of belief."

Defendant contends that plaintiff is bound by the innuendo which he claims of perjury, and that the facts alleged show that plaintiff was not guilty of perjury. The innuendo not only designates the article as a charge of perjury, but also claims that it charges " that plaintiff had uttered a falsehood, and was thereby unqualified and unfitted to continue his profession thereafter, and was a person unworthy of belief."

The words need not charge a crime to be libelous. (*Bennet* v. *Commercial Adv. Assn.*, 230 N. Y. 125.)

Regardless of the innuendo, whenever an article is libelous *per se*, the complaint must stand, even if the innuendo has put a meaning upon the alleged libelous publication which is not supported by the language. (*Morrison* v. *Smith*, 177 N. Y. 366; *Hart* v. *Woodbury, etc., Inst.*, 113 App. Div. 281.)

The article is libelous *per se* irrespective of any innuendo. It at least charged that the plaintiff, who is a minister of the gospel, lied upon the witness stand. It is injurious to his character and his standing in his profession and holds him up to contempt and ridicule. (*Curtis* v. *Argus Co.*, 171 App. Div. 105; *Johnson* v. *Synett*, 89 Hun, 192; 157 N. Y. 684; *Mase* v. *Reilly*, 206 App. Div. 434; *Cole* v. *Millspaugh*, 111 Minn. 159; 126 N. W. 626; 28 L. R. A. [N. S.] 152; L. R. A. 1917F, 551, note.)

A distinction exists between clergymen and others. If the charge would tend to prove him unfit to continue his calling, then the libel is actionable *per se*. (*Potter* v. *N. Y. Evening Journal Pub. Co.*, 68 App. Div. 95; *Remsen* v. *Bryant*, 36 id. 240; Newell Sland. & Lib. [3d ed.] § 197, pp. 224, 225; *Dod* v. *Robinson*, Aleyn, 63; *Demarest* v. *Haring*, 6 Cow. 76.)

Privilege is a defense to be pleaded and proved by the defendant where the alleged publication is libelous *per se*. (*Smith* v. *New Yorker Staats-Zeitung*, 154 App. Div. 458; *Stuart* v. *Press Pub. Co.*, 83 id. 467, 475; *Mase* v. *Reilly*, 206 id. 434.)

A publication of judicial proceedings is protected in the absence of proof of actual malice only when it is a fair and true report. That protection does not extend to any matter added by any person concerned in the publication or in the report of anything said or done at the time and place of the public and official proceedings which was not a part thereof. (*Stuart* v. *Press Pub. Co.*, 83 App. Div. 467, 474; Civ. Prac. Act, § 337; 25 Cyc. 408.)

The article stated that " the crusading pastor at first denied he had joined the organization." There is no such denial in the testimony annexed to the complaint. The plaintiff was asked *whether or not he ever signed a card for application for membership,*

32

Surrogate's Court, Orleans County, February, 1925.  [Vol. 124

and he answered, " No." Upon that testimony the article stated that plaintiff *had denied that he had joined the organization*. It is for a trial court to determine as matter of law, or a jury as matter of fact, whether the article was fair, true and accurate, and whether defendant was privileged in its publication.

It would be manifestly unfair to charge the defendant with a knowledge of the very questionable nature of the judicial proceedings by which plaintiff was summoned to court. The defendant had the right to publish a fair, true and accurate record of the proceedings, irrespective of their nature, so long as they were judicial proceedings. The cross-examination, however, of the type to which plaintiff was subjected, would not have been permitted in a court of record where respect for the religions which they represent yields a certain protection to ministers, priests and rabbis called as witnesses. The usurpation by a private attorney of the prerogative ordinarily exercised by a district attorney to grant immunity to a witness compelled by the court to testify, was as unique as it was dangerous to a proper administration of the law. This but emphasizes the justness and necessity of a strict adherence to the legal requirement that a publication of judicial proceedings must be fair, true and accurate, to the end that both court and press alike may not only deserve but receive the utmost respect.

Motion denied, with ten dollars costs to plaintiff.