WILLIAM G. FRASER, Plaintiff, *v.* THE CITY OF BUFFALO and Others, Defendants.

Supreme Court, Erie County, May 19, 1925.

Municipal corporations — taxpayer's action against city of Buffalo and plumbing contractor to restrain parties from entering into contract for plumbing — contractor did not comply with advertisement for bids — contract was executed and work almost completed during pendency of this action — contract is illegal — injunction denied as contract has been executed.

A contract awarded on competitive bidding for plumbing in a municipal building of the city of Buffalo is illegal, where it appears that the bidder to whom the contract was awarded did not comply with the terms of the advertisement for bids, in that he failed, as required by the specifications, to enter bids on certain items incidental to the main contract.

But an injunction must be denied in this taxpayer's action to restrain the city and the contractor from entering into the contract, since it appears that the contract was actually executed and the work almost completed during the pendency of the action; the courts will not grant an injunction to restrain an act already done.

ACTION by a taxpayer to restrain the city of Buffalo from entering into a contract with a competitive bidder, who failed to itemize his bid.

*Bull, Roberts & Hart*, for the plaintiff.

*Frederic C. Rupp, Corporation Counsel* [*Frank C. Westphal* of counsel], for the defendants City of Buffalo and John H. Meahl.

*Frank J. Fitzpatrick*, for the defendant William E. Shaddock.

HINKLEY, J.:

The plaintiff, in his complaint, as a taxpayer, sought relief by injunction to prevent the defendant the city of Buffalo from entering into a contract with the defendant Shaddock upon the latter's competitive plumbing bid in the construction of the city's hospital at Perrysburg.

The defendant city of Buffalo, at the end of its specifications

covering the main portion of the proposed contract, made this positive requirement: " In addition to bidding on the above plumbing and heating work, *all bidders shall* furnish bids on the following items, as specified hereafter." Then followed specifications for six items of construction which contained this positive requirement: " In bidding, the bidders shall give a separate and independent price on each item listed."

The specifications calling for the additional bidding and for separate and independent price listing upon the six additional items are mandatory, vital requirements imposed upon all competitive bidders. There is not the slightest ambiguity in the language employed by the one who incorporated those requirements in the specifications. The defendant Shaddock saw fit to disobey these requirements, which the other bidders obeyed, and failed to give a separate and independent price on each item listed. No one familiar with municipal or other specifications would have any reason to anticipate that the city authorities would treat their own positive specifications as mere surplusage.

The reasons given by the defendant Shaddock for his failure to obey the requirement for separate and independent bids are ingenious, but they exhibit a contempt for important requirements placed upon bidders, and amount to a rewriting by him of specifications which in the portion indicated are so clear as to need no interpretation. A failure to conform to the requirement for separate bidding was not a mere irregularity capable of being waived by the municipality, such as a failure to inclose a certified check with a bid. These specifications were evidently drawn in an attempt to conform to section 88 of the General Municipal Law, as amended by chapter 469 of the Laws of 1921. That statute provides that specifications for work exceeding $25,000 must be so drawn as to permit separate and independent bidding upon each class of work designated as plumbing and gasfitting, steam heating, hot water and ventilating apparatus. Said statute also provides that all contracts for such work shall be awarded separately.

The determination of this issue requires not so much an examination of judicial precedent or fine spun reasoning as the application of common sense to a practical knowledge of municipal contract letting. This court is of course not concerned with an abuse of discretion in the awarding of contracts by the common council of the city of Buffalo where discretion rests in that body. Nor is it concerned in this action regarding any possible loss to the unsuccessful bidder of which the plaintiff, taxpayer, is an officer. On the other hand, this plaintiff is an integral part of the taxpayers of the city of Buffalo who are all vitally concerned in the maintenance of

honest, upright, four-square competition in the bidding for municipal contracts. A municipality which acquires a reputation for loose specifications and unjust discrimination in the enforcement of specified requirements suffers financial loss in decreased competitive bidding, even though there be not the slightest evidence of fraud, collusion or dishonesty. The municipal officials in this instance, acting under the advice of the corporation counsel, sought to save the sum of $2,627 to the taxpayers of the city by accepting the unitemized bid of the defendant Shaddock, which was lower by that amount than the total bid of any other bidders as itemized. To yield an unfair advantage to the defendant Shaddock would save $2,627 on this contract, but might cost $26,000 in the discouragement of future bidders. Favoritism and partiality destroy the very spirit of competitive bidding.

" The contract must conform to the terms of the advertisement for bids; both as to the time for completion of the work and the plans and specifications thereof." (28 Cyc. 1037.)

" In contracting, the board must pursue the course pointed out by the statute, and cannot legally contract in any other way. This course is clearly pointed out. The board must first adopt plans and specifications of the work required to be done so that those desiring to contract therefor can understandingly make offers for its performance. In this way only can the advantages of competition be secured to the public." (*People* v. *Board of Improvement*, 43 N. Y. 227, 230.)

It follows, therefore, that the unitemized bid of the defendant Shaddock was not the lowest bid within the true meaning of section 50 of the charter of the city of Buffalo. Plaintiff as a taxpayer had the right to injunctive relief to restrain an illegal act without a charge of fraud, collusion or bad faith or without showing waste. (*Bush* v. *O'Brien*, 164 N. Y. 205.)

This court, at Special Term, in the exercise of its discretion declined to restrain *pendente lite* the defendant city of Buffalo from entering into a contract with the defendant Shaddock. The defendant city of Buffalo thereupon entered into the contract, and the Appellate Division, by a divided court, thereafter exercised its discretion by upholding the discretion exercised at Special Term. (*Fraser* v. *City of Buffalo*, 213 App. Div. 852.) Upon the failure of the court at Special Term to restrain the defendants from entering into a contract and the performance of that act by the defendants, the court cannot now render judgment for the relief demanded in the complaint.

The complaint prays only for injunctive relief to restrain the city of Buffalo from entering into a contract with the defendant

Shaddock. The contract has not only been entered into, but is now almost completed.

"Since equity will not attempt to do a vain thing, it will not by injunction attempt to prevent an injury that has already been sustained or to prevent the doing of an act that has already been performed." (22 Cyc. 759; *Reynolds* v. *Everett*, 144 N. Y. 189, 194; *Bush* v. *Coler*, 60 App. Div. 57, 62.)

The demand in the complaint for such other, further or different relief in the premises as to the court shall seem just, would not authorize a judgment for relief other than might be incidental to the main prayer to restrain the *making* of the contract. This court cannot grant the relief suggested in the petition of plaintiff's counsel to enjoin the carrying out of the contract, as that cause of action is not set forth in the pleading nor has opportunity been given to defendants to litigate that issue. No attempt was made to amend the pleading, either before or upon the trial, nor is there included therein any request for damages. Nothing in this opinion shall be construed as authority to continue the illegal contract heretofore entered into between the defendant city of Buffalo and the defendant Shaddock, nor as authority for the payment of any more money to the defendant Shaddock upon that contract.

The conclusion of this court, after a trial upon the merits, therefore, is that the contract heretofore entered into during the progress of this action between the defendant city of Buffalo and the defendant Shaddock was and is illegal and unauthorized, and the injunctive relief sought by plaintiff is denied, without costs, solely because plaintiff is now in the position of seeking to restrain the defendants from the commission of an act already performed.

Judgment may be entered accordingly.