KALUSZER YOUNG MEN'S BENEVOLENT SOCIETY, INC., Plaintiff, *v.* INDEPENDENT YOUNG MEN'S SICK BENEVOLENT SOCIETY, INC., Defendant.

Supreme Court, New York County, January 14, 1931.

*Louis J. Schwartz*, for the plaintiff.

*H. Randolph Guggenheimer*, for the defendant.

TOWNLEY, J.   Plaintiff brings this action for specific performance of a claimed contract for purchase and sale of fifteen cemetery lots. Defendant moves to strike out amended complaint and for judgment in its favor under Rules of Civil Practice, rules 106, 107 and 112, on the following grounds: (1) That the alleged contract on which action is based is void under the provisions of section 21 of the Membership Corporations Law, in that there was neither a vote of two-thirds of a majority of the directors authorizing a sale, nor an order of the Supreme Court permitting a sale of realty; (2) that when said contract was entered into the defendant (seller) did not have title to said cemetery lots; (3) that the persons who signed the said sale contract had no authority to sign same on behalf of the defendant corporation; (4) that the alleged sale contract is void (a) under the Statute of Frauds, and (b) it was made on a Sunday; and (5) that the alleged sale contract is a forgery and plaintiff does not come into equity with clean hands.   Issue was joined by the service of defendant's amended answer on December 15, 1930, and on the same day these motion papers were simultaneously served.

Defendant, having answered and set up in said answer the matters urged on this motion, is barred from having same disposed of upon motion under rule 106 or rule 107.   Rule 107 prescribes: " *Within twenty days* after the service of the complaint, the defendant may serve notice of motion for judgment dismissing the complaint." Under rule 108, upon the determination of such motion, among other things, the court " may overrule the objections, and in its discretion may allow the same facts to be alleged in the answer as a defense."   Within said twenty days defendant has a choice of procedure either to answer or to make a motion under rule 106 or rule 107.   A defendant cannot do both as here attempted.   The motion under rule 106 is a substitute for the old demurrer, and a defendant cannot both answer and demur.   As stated in *Herzog* v. *Brown* (217 App. Div. 402, 404; affd., 243 N. Y. 599): " Rule 107, Rules of Civil Practice, is an adaptation to actions at law of the old equity practice of raising questions of law by a plea in bar and having them *determined before the defendant pleads to the merits.* A plea in equity had for its purpose the presentation of some distinct fact, not appearing on the face of the pleadings, which of itself created a bar to the suit, while an answer was to meet all the allega-

tions of the bill." (Italics mine.) Subdivisions 2 and 5 of rule 106, in respect to jurisdiction and sufficiency, survive even after answer. The amended complaint contains sufficient and adequate allegations to support an action for specific performance, and material issues of fact are raised by the amended answer. No judgment on the pleadings can be awarded under rule 112.

Motion is denied, with ten dollars costs. Order signed.