WILLIAM McCLELLAN, Plaintiff, *v.* HOWARD A. STEYWART, Defendant.

Supreme Court, Livingston County, June 19, 1939.

*Fred A. Quirk* and *Joseph P. Quirk,* for the plaintiff.

*Arthur B. Towne,* for the defendant.

HINKLEY, J. Defendant moves to dismiss the complaint upon the ground that at the time of the commencement of the action there was another action pending in the Supreme Court of Chautauqua county involving the same parties, the same witnesses, the same facts and the same automobile accident.

The complaint alleges that on December 27, 1938, an accident occurred on Route 20 State Highway between Silver Creek and Depew. The location of the accident was, therefore, either in Erie or Chautauqua county. The only two persons involved or concerned in the accident were the plaintiff and defendant as owners and operators of their respective automobiles.

Thereafter and on April 15, 1939, the defendant herein commenced an action against the plaintiff herein in Chautauqua county seeking damages. Thereafter and on April 28, 1939, this action was brought in Livingston county for damages growing out of the same accident. Defendant herein moved at a Special Term of Chautauqua county to dismiss the plaintiff's complaint.

Plaintiff appearing specially upon the motion questions the jurisdiction of the court sitting at a term of court in Chautauqua county, as not within the authority of rule 63 of the Rules of Civil Practice. The court took judicial notice of the fact that Chautauqua county is in the Eighth Judicial District, which district adjoins the county of Livingston where the action is triable. This brings the motion squarely within the provisions of subdivision 6 of rule 63 of the Rules of Civil Practice.

Plaintiff also contends that defendant, having answered and set up in his answer the matter urged on this motion, is barred from having the same disposed of upon motion under rule 106 or rule 107 of the Rules of Civil Practice. There is some authority for this contention ( *Kaluszer Young Men's Benev. Soc., Inc.,* v. *Independent Kaluszer Young Men's Sick Benev. Soc., Inc.,* 139 Misc. 391; affd., 233 App. Div. 706) upon the theory that the motion provided for by rule 106 is a substitute for the old demurrer

(*Switzer* v. *Commissioners*, 134 App. Div. 487; *Barnes* v. *Andrews*, 208 id. 856) to have questions of law by a plea at bar determined before the defendant pleads to the merits. (*Herzog* v. *Brown*, 217 App. Div. 402, 404.)

The greater weight of authority would seem to support the opposite contention that a motion to dismiss the complaint for insufficiency may be made at any time and is not waived by the filing of an answer. (*Klippel* v. *Weil*, 204 App. Div. 323; *Koppel Ind. C. & E. Co.* v. *Portalis & Co., Ltd.*, 205 id. 144; *Smith* v. *Buffalo Times, Inc.*, 124 Misc. 495, 496; affd., 214 App. Div. 759.)

Plaintiff further contends that the motion cannot prevail because the parties do not occupy the same position, their positions as plaintiff and defendant being reversed in the two actions. The point is well taken. (*Westminster Church* v. *Presbytery of N. Y.*, 211 N. Y. 214, 219.)

The movant in his notice of motion asks for such other and further relief as to the court shall seem proper. That prayer has been construed to be of great breadth in attaining real although not disclosed objects of the motion. In the case of *Fraser* v. *City of Buffalo*, the lower court (125 Misc. 83) declared illegal a municipal contract. The court declared that under the demand for such other, further or different relief in the premises as to the court shall seem just it could not enjoin the carrying out of the contract. The Appellate Division, however, under that clause (*Fraser* v. *City of Buffalo*, 215 App. Div. 861; affd., 243 N. Y. 554) did permanently restrain the city of Buffalo, its officers and agents from making any other or further payment or payments to the defendant under the contract in question. The last above quoted case is ample authority to consolidate the two actions between the above named parties. The two actions grow out of the same automobile accident. They involve only the two parties. Undoubtedly, the same witnesses, the same testimony calling forth the same principles of law will be presented upon a trial of the consolidated action as upon separate trials.

Order may be entered, without costs, consolidating the two actions and bringing this action as a counterclaim into the one now pending in Chautauqua county between this defendant as plaintiff and this plaintiff as defendant.