### (January 15, 1948.)

CLINTON C. STEPHENS, Appellant, v. STEPHEN C. GRENIER, Respondent.

BREWSTER, J. (dissenting). In this action in the Supreme Court wherein the venue is laid in Montgomery County, in the fourth judicial district, defendant obtained an order which relieved his default in timely pleading. The order was

made at Special Term in Albany County, in the third judicial district, on a motion returnable there and upon which plaintiff only appeared specially to challenge the jurisdiction of the court to entertain the motion at the Albany term.

This appeal from the order presents only a question as to the meaning of the latter part of subdivision 6 of rule 63 of the Rules of Civil Practice, the whole of which is as follows: " 6. Except in the first judicial district, a motion may be made in any county in the district in which is situated the county where the action is triable, *or in a county in any other district adjoining the county in which it is triable.*" (Italics supplied.) This subdivision was added as new matter to the rules governing the place where motions may be made, by the rule-making convention established and held under chapter 902 of the Laws of 1920, as amended by chapter 370 of the Laws of 1921. Since the rules adopted by this convention have the force and effect of statute, applicable rules of statutory construction are available in construing them when doubt arises as to their meaning.

If literalness controls then the part of the subdivision in question gave the Albany Special Term jurisdiction to grant the order; for Montgomery County, the county of venue, adjoins the third judicial district in which Albany County is situated. Literally, the meaning is plain that when the county of venue adjoins any judicial district of which it is not a part, then a (and so any) county in an adjacent district or districts is made available for motions in an action in a venue county so situated. So construed, the rule when adopted was a decided innovation as to the prescribed practice which had obtained since 1879 and which the convention in substance continued generally in other portions of rule 63 of the Rules of Civil Practice. (L. 1879, ch. 542; Code Civ. Pro., § 769; L. 1920, ch. 491.) Nothing has been shown or found to evidence any legislative intent at variance with a meaning determined by the literal language of the innovation. This precludes the rejection of a literal construction. (*Matter of Dean* v. *Bell*, 230 N. Y. 1; *Matter of Schinasi*, 277 N. Y. 252.) The interpretation for which appellant contends, viz., that the motion is limited to a county outside the venue county's district, which county adjoins the county of venue, is a mere restatement of the applicable substance of the rule enacted in 1879, and continued and now contained in subdivision 1 of rule 63. Applicable rules of construction call us to give effect to the newly added provision. Only a literal interpretation can do so. I believe that is the correct one, as determined below and at other special terms. (*McClellan* v. *Steywart*, 171 Misc. 514; *Lawson* v. *Capitol Wine & Spirits Corp.*, Sup. Ct., Erie Co., Dec. 7, 1945, JAMES, J.) The order should be affirmed.

Hill, P. J., Foster and Russell, JJ., concur in decision; Brewster, J., dissents in a memorandum in which Deyo, J., concurs.

Order reversed, on the law and facts, with $10 costs and disbursements, with leave to respondent to renew his motion in a proper county within ten days of service of a copy of the order of reversal entered herein. [See *post*, pp. 925, 1035.]